UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

YAKOV WEISLER,

                Plaintiff,

          v.

TIMOTHY A. BARROWS, et al.,

                Defendants.

                  :    Civil Action
                  :    No. 06-00362-GMS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION TO TRANSFER

Anthony W. Clark (#2051)
Robert A. Weber (#4013)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

Of counsel:
James R. Carroll
Michael S. Hines
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800

Counsel for Nominal Defendant
Sycamore Networks, Inc. and
Defendants Gururaj Deshpande,
Daniel E. Smith and Richard J. Gaynor

William O. LaMotte, III (#460)
MORRIS, NICHOLS, ARSHT
  & TUNNEL LLP
1201 N. Market Street
P.O. Box 1347
(302) 658-9200

Of counsel:
Michael S. Gardener
Michael F. Connolly
MINTZ, LEVIN, COHN, FERRIS
  GLOVSKY and POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000

Counsel for Defendant
Frances M. Jewels

John D. Donovan, Jr.
Kelly Begg Lawrence
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
(617) 542-6000

Counsel for Defendants Timothy A.
Barrows, Paul W. Chisholm, Paul J.
Ferri and John W. Gerdelman

Dated: July 21, 2006

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS ........................................ 1

SUMMARY OF THE ARGUMENT .............................................................. 3

STATEMENT OF FACTS ............................................................................ 4

ARGUMENT ................................................................................................. 6

I.     THIS CASE SHOULD BE TRANSFERRED TO
THE DISTRICT OF MASSACHUSETTS BECAUSE
MASSACHUSETTS IS THE MORE CONVENIENT FORUM, AND
JUDICIAL EFFICIENCY WOULD BE PROMOTED BY A TRANSFER ........ 6

     A.     The District Of Massachusetts Is
More Convenient Because It Is Where The Alleged
Misconduct Would Have Occurred, And Virtually All Of The
Relevant Witnesses And Documents Are Located In Massachusetts ......... 7

          1.     The alleged misconduct would have
occurred -- if at all -- in Massachusetts, not Delaware .................. 8

          2.     A majority of the parties and virtually
all witnesses and documents necessary
to pursue this litigation are located in Massachusetts .................... 9

               a.     Transfer to Massachusetts
is convenient for the parties. ............................................. 10

               b.     Transfer to Massachusetts is convenient
for virtually all of the potential witnesses ......................... 11

               c.     Most -- if not all -- relevant
documentary evidence is in Massachusetts ......................... 11

          3.     Plaintiff's choice of forum
should be afforded little deference
because he is not a Delaware resident,
and Sycamore Networks is the real party-plaintiff ...................... 12

     B.     Administrative and Practical Considerations
Heavily Favor Transferring This Case To The District
Of Massachusetts As It Would Serve The Interest Of Justice .................. 13

CONCLUSION ............................................................................................ 15

# TABLE OF AUTHORITIES

## CASES                                                                    PAGE

Affymextrix, Inc. v. Synteni, Inc.,
    28 F. Supp. 2d 192 (D. Del. 1998)................................................................11

Burstein v. Applied Extrusion Technologies, Inc.,
    829 F. Supp. 106 (D. Del. 1992)..........................................................*passim*

Clopay Corp. v. Newell Cos. Inc.,
    527 F. Supp. 733 (D. Del. 1981)................................................................12

Gen. Instrument Corp. v. Mostek Corp.,
    417 F. Supp. 821 (D. Del 1976)................................................................12

Hall v. Kittay,
    396 F. Supp. 261 (D. Del. 1975)................................................................14

Jacobs v. Tenney,
    316 F. Supp. 151 (D. Del. 1970)..........................................................*passim*

Jumara v. State Farm Ins. Co.,
    55 F. 3d 873 (3d Cir. 1995)................................................................6, 13

Kirshner Bros. Oil, Inc. v. Pannill,
    697 F. Supp. 804 (D. Del. 1988)................................................................8, 12

Koster v. (Am.) Lumbermens Mut. Cas. Co.,
    330 U.S. 518 (1947)................................................................12, 13

Quandt v. Beech Aircraft Corp.,
    317 F. Supp. 1009 (D. Del. 1970)................................................................8, 10

Stewart Org., Inc. v. Ricoh Corp.,
    487 U.S. 22, 30-31 (1998) ................................................................6

Vanpraet v. Deshpande,
    Civ. A. No. 06-11130-RCL................................................................2

Virgin Wireless, Inc. v. Virgin Enters. Ltd.,
    201 F. Supp. 2d 294 (D. Del. 2002)................................................................6, 7

**STATUTES**                                                          **PAGE(S)**

15 U.S.C. §§ 78a <u>et</u> <u>seq</u>......................................................................................................1

28 U.S.C. § 1404(a)…. ............................................................................... *passim*

## NATURE AND STAGE OF THE PROCEEDINGS

On May 31, 2006, plaintiff Yakov Weisler ("Plaintiff") filed this derivative action. The complaint ("Complaint" cited as "Compl.") asserts claims against all six members of Nominal Defendant Sycamore Networks, Inc.'s ("Sycamore Networks" or the "Company") board of directors, Sycamore Networks' current Chief Financial Officer and one former officer for alleged breaches of fiduciary duties (Counts III, IV and V), as well as for violations of Section 14(a) of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78a et seq.) (the "Exchange Act") (Count I), premised upon allegations of participation in and/or knowledge of transactions during 1999 to 2001 in which Company granted stock options were "back-dated."[1]  In addition, Count II of the Complaint asserts a claim against two directors and the two current and former officers for alleged violations of Section 304 of the Sarbanes-Oxley Act of 2002.

Pursuant to 28 U.S.C. § 1404(a), this case should be transferred to the United States District Court for the District of Massachusetts.  Transfer to the District of Massachusetts would be convenient to the parties and witnesses because nearly all of the parties reside in Massachusetts, and virtually all of the likely relevant witnesses and documents are located in Massachusetts.  Moreover, the alleged misconduct would have occurred -- if at all -- in Massachusetts, not Delaware.  Sycamore Networks' principal

---

[1]    The Complaint describes backdating of stock options as a process whereby Company issued stock options are deliberately dated prior to the date that the stock option was actually granted.  (Compl. ¶ 4.)  Backdating increases the value of the option because the fair market value of Company stock on the earlier date is lower than the fair market value of Company stock on the date the option was granted.  (Id.)  The Complaint also alleges that defendants deliberately cancelled certain stock option grants, and then reissued those options at a lower exercise price.  (Id. ¶ 2.)

place of business and principal executive offices are located in Massachusetts (Compl.

¶12) and, indeed, its day-to-day operations occur in Massachusetts. The overwhelming

percentage of Sycamore Networks' employees work and live in Massachusetts.

In addition to convenience of the parties and witnesses, judicial efficiency

would be promoted by transferring this case to Massachusetts. A substantially similar

shareholder derivative action, captioned <u>Vanpraet v. Deshpande, et al.</u>, Civ. A. No. 06-

11130-RCL, was recently filed in the United States District Court for the District of

Massachusetts and is premised on virtually identical allegations of stock option

backdating (the "Massachusetts Action"). Where -- as here -- there are substantially

similar actions in different jurisdictions, a transfer promotes judicial efficiency in that

litigation costs are reduced, and a transfer would avoid potentially inconsistent results.

The Complaint is brought on behalf of Sycamore Networks against all six

members of the board of directors -- Timothy A. Barrows, Paul W. Chisholm, Gururaj

Deshpande, Paul J. Ferri, John W. Gerdelman and Daniel E. Smith (the "Board"). The

Complaint also names as defendants Sycamore Networks' current Chief Financial Officer

Richard J. Gaynor and former Chief Financial Officer Frances M. Jewels (collectively

with Sycamore Networks and the Board, "Defendants"). Defendants now move pursuant

to 28 U.S.C. § 1404(a) to transfer the Complaint to the District of Massachusetts. This is

their opening brief in support of that motion.

## SUMMARY OF THE ARGUMENT

1.      The Complaint should be transferred to the District of

Massachusetts pursuant to 28 U.S.C. § 1404(a) on the grounds that:

        a.      The convenience of the parties and witnesses weigh

strongly in favor of a transfer.

        i.      As a derivative plaintiff filing outside his state of

residence, Plaintiff's choice of forum is entitled to

little -- if any -- deference;

        ii.      Massachusetts is the forum where the alleged

misconduct would have occurred (if at all); and

        iii.      All but one of the individually named Defendants

reside in Massachusetts, and virtually all of the

likely relevant witnesses and documents are located

in Massachusetts.

        b.      Transferring this case to the District of Massachusetts

would satisfy the interests of justice and avoid administrative and practice difficulties that

would occur if this action remained in the District of Delaware.

## STATEMENT OF FACTS

Plaintiff, a New York resident, alleges that he has been a Sycamore Networks stockholder since June 25, 2004.  (Compl. ¶ 10.)  Nominal defendant Sycamore Networks, a Delaware corporation headquartered in Massachusetts, is a provider of optical networking products for telecommunications service providers.  (Id. ¶ 12.)  Sycamore Networks' principal executive offices are located in Chelmsford, Massachusetts.  (Id.)  Because its principal place of business is located in Massachusetts, Sycamore Networks' day-to-day business operations occur at its Massachusetts offices.

On June 7, 2005, Sycamore Networks announced that it was conducting an internal investigation (at the direction of the Audit Committee of the Board) into the accounting for certain stock options granted during 1999 to 2001 (the "Investigation") and, accordingly, it would delay the filing of its Form 10-Q for the quarterly period ended April 30, 2005.  (Compl. ¶ 29.)  The Audit Committee conducted the Investigation in Massachusetts over the following three months.  On August 26, 2005, Sycamore Networks announced that the Audit Committee had completed the Investigation.  (Compl. ¶ 30.)  The Company further announced that the Investigation identified certain stock options granted during 1999 to 2001 that were incorrectly accounted for and, as a result, the Board recommended that the Company's financial statements should be restated for fiscal years 2000 through 2004.  (Id. ¶¶ 29-30.)

On September 12, 2005, Sycamore Networks filed with the United States Securities and Exchange Commission (the "SEC") an amended annual report on Form 10-K/A for the fiscal year ended July 31, 2004, which restated the Company's consolidated financial statements for fiscal years ended July 31, 2000 through July 31, 2004 (the "Restatement").  (Id. ¶ 31.)  The Restatement publicly announced, among other

4

things, that the Investigation identified certain stock options granted during 1999 to 2001 that were erroneously accounted for under Generally Accepted Accounting Principles ("GAAP").  (Id.)

On May 31, 2006, Plaintiff filed this shareholder derivative action against Sycamore Networks' four outside directors (Messrs. Barrows, Chisholm, Ferri and Gerdelman), its two inside directors/officers (Messrs. Deshpande and Smith) and its current Chief Financial Officer (Mr. Gaynor).  (Compl. ¶¶ 14-19, 21.)  The Complaint also names as a defendant former Sycamore Networks' Chief Financial Officer Ms. Jewels.  (Id. ¶ 25.)

On June 28, 2006, another alleged Sycamore Networks' shareholder filed the Massachusetts Action on behalf of the Company, against Sycamore Networks' two inside directors/officers (Messrs. Deshpande and Smith), its four outside directors (Messrs. Barrows, Chisholm, Ferri and Gerdelman), its former Chief Financial Officer (Ms. Jewels), current officers (Messrs. Oye and Barry) and former officers (Ms. Brearton and Messrs. Kiel, Reeves, Shue, Swanson and Young).  The Massachusetts Action, predicated on the same underlying factual allegations as this case, asserts all claims alleged here, including alleged breaches of fiduciary duties, violations of § 14(a) of the Exchange Act and violations of Section 304 of the Sarbanes-Oxley Act of 2002, as well as additional claims for violations of §§ 10(b) and 20(a) of the Exchange Act.

**ARGUMENT**

I.    **THIS CASE SHOULD BE TRANSFERRED TO
      THE DISTRICT OF MASSACHUSETTS BECAUSE
      MASSACHUSETTS IS THE MORE CONVENIENT FORUM, AND
      JUDICIAL EFFICIENCY WOULD BE PROMOTED BY A TRANSFER.**

Pursuant to 28 U.S.C. § 1404(a), a case may be transferred to a different

district if such a transfer is (i) convenient for the parties and witnesses and (ii) the

interests of justice would be served.[2]  Both prongs are satisfied here.

In analyzing a motion to transfer pursuant to Section 1404(a), courts

examine "all relevant factors to determine whether, on balance, the litigation would more

conveniently proceed and the interests of justice [would] be better served by a transfer to

a different forum."  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)

(vacating district court order and transferring action under Section 1404(a) because

convenience and fairness considerations favored transfer to more appropriate forum)

(citation omitted).  Section 1404(a) "vest[s] district courts with broad discretion to

determine, on an individualized, case-by-case basis, whether convenience and fairness

considerations weigh in favor of transfer."  Id. at 883 (quoting Stewart Org., Inc. v. Ricoh

Corp., 487 U.S. 22, 30-31 (1988)).

The relevant factors in the Section 1404(a) analysis include: (i) plaintiff's

choice of forum; (ii) whether the claim arose elsewhere; (iii) location of witnesses and

parties; (iv) location of documents; and (v) practical considerations of trial and

administrative difficulties.  See Jumara, 55 F.3d at 879.[3]  See also Virgin Wireless, Inc. v.

_____

[2]    Section 1404(a) provides in pertinent part:  "For the convenience of parties and
witnesses, in the interest of justice, a district court may transfer any civil action to any
other district or division where it might have been brought."  28 U.S.C. § 1404(a).

6

<u>Virgin Enters. Ltd.</u>, 201 F. Supp. 2d 294, 300 (D. Del. 2002) (practical considerations of efficiency and private interests of parties favored transferring action from Delaware to New York).

In this case, the location where the alleged conduct would have occurred, the location of nearly all of the parties and the practical considerations of trial and case administration overwhelmingly favor Massachusetts. Indeed, the Plaintiff himself has no apparent nexus to Delaware. Accordingly, this case should be transferred to the District of Massachusetts where the substantially similar Massachusetts Action is pending.

### A.    The District Of Massachusetts Is More Convenient Because It Is Where The Alleged Misconduct Would Have Occurred, And Virtually All Of The Relevant Witnesses And Documents Are Located In Massachusetts.

The first prong of the Section 1404(a) analysis -- the convenience to the parties and witnesses -- overwhelmingly favors transfer to Massachusetts.

<u>First</u>, because Sycamore Networks' principal place of business is in Massachusetts, and because its day-to-day business operations are performed in Massachusetts, the alleged misconduct would have occurred (if at all) in Massachusetts.

<u>Second</u>, nearly all parties reside in Massachusetts, and virtually all relevant witnesses and documents are located in Massachusetts.

<u>Third</u>, Plaintiff's choice of forum should be given little, if any, deference because he is a New York resident (not Delaware). Moreover, because this is a

---

(cont'd from previous page)

[3]    Additional factors, such as local interests in the controversy and the court's familiarity with the applicable local law are not relevant here.

shareholder derivative action, Sycamore Networks (not Plaintiff) is the real party in interest.

**1.    The alleged misconduct would have occurred -- if at all -- in Massachusetts, not Delaware.**

At issue in this litigation is the alleged misconduct of Sycamore Networks and the individually named Defendants relating to allegations of "back-dated stock options" and "improper manipulation of stock options."  (Compl. ¶¶ 2, 5, 36, 37.)  Those allegations concern underlying conduct that would have occurred (if at all) in Massachusetts, not Delaware.  Therefore, the District of Massachusetts is the more appropriate venue to resolve this litigation.

Pursuant to Section 1404(a), a defendant's state of incorporation, without more, is insufficient to prevent transfer to the venue where the acts giving rise to the lawsuit occurred.  See, e.g., Burstein v. Applied Extrusion Technologies, Inc., 829 F. Supp. 106, 110-111 (D. Del. 1992) (transferring securities class action to Massachusetts because "although Delaware has some connection to the acts giving rise to the lawsuit, that connection is insubstantial"); Kirshner Bros. Oil, Inc. v. Pannill, 697 F. Supp. 804, 806 (D. Del. 1988) (transferring action from Delaware despite some connection to Delaware through nationwide sale of stock and public representations because there were no allegations that alleged violations occurred in Delaware or that there was harm to the plaintiff in Delaware).  See also Quandt v. Beech Aircraft Corp., 317 F. Supp. 1009, 1012 (D. Del. 1970) ("While plaintiffs' choice of forum is entitled to some consideration, it is not determinative in view of the over-all balance of convenience to the parties, especially when the forum chosen is only the statutory home state of the defendant corporation.") (citation omitted).

8

In <u>Burstein</u>, the plaintiff, a Vermont resident, filed a securities fraud action in Delaware relating to an IPO and acquisition of a facility in Massachusetts against a Delaware corporation with its principal place of business and principal executive offices in Delaware. 829 F. Supp. at 107-08. Defendants moved to transfer to the District of Massachusetts pursuant to Section 1404(a). <u>Id.</u> at 107. In granting defendants' motion, the Court determined that Massachusetts rather than Delaware was the jurisdiction where the "acts giving rise to the lawsuit" occurred since

> [m]ost meetings . . . occurred in Massachusetts and all Board of Directors meetings either occurred in or originated in Massachusetts . . . [,] the principal financial personnel involved . . . were based in Massachusetts . . . [,] [s]ubstantially all daily financial and accounting functions . . . were performed in Massachusetts, [and] "[a]ll SEC or other regulatory filings by AET were finalized in Massachusetts. . . . Thus, although Delaware had some connection to the acts giving rise to the lawsuit, that connection is insubstantial.

<u>Id.</u> at 110.

Transferring this case is even more compelling than in <u>Burstein</u>. Sycamore Networks' principal place of business and principal executive offices are located in Massachusetts, not Delaware. (Compl. ¶ 12.) In addition, all principal financial personnel and daily financial and accounting functions at Sycamore Networks are located in Massachusetts. In short, if any misconduct occurred, it would have occurred in Massachusetts.

**2.    A majority of the parties and virtually all witnesses and documents necessary to pursue this litigation are located in Massachusetts.**

The convenience to parties and witnesses weighs heavily in favor of transferring this case to the District of Massachusetts. This case and the Massachusetts Action both relate to the alleged misconduct of Sycamore Networks and the individually

named Defendants relating to "back-dated stock options" and "improper manipulation of stock options." (Compl. ¶¶ 2, 5, 36, 37.) Nearly all parties, witnesses and documents necessary to pursue this litigation are located in the District of Massachusetts rather than the District of Delaware.

### a.    Transfer to Massachusetts is convenient for the parties.

Massachusetts is the principal place of business of Sycamore Networks, and is also the residence of all individually named Defendants, with the exception of Mr. Gerdelman. (See Compl. ¶¶ 12, 14-19, 21 and 25.) Plaintiff is a resident of New York, not Delaware (Compl. ¶ 10). See Quandt, 317 F. Supp. at 1011 (convenience of parties favored transferring when little difference in convenience for plaintiffs between two possible fora but transfer would eliminate all defendant's travel at little added inconvenience to plaintiffs); Jacobs v. Tenney, 316 F. Supp. 151, 168 (D. Del. 1970) (convenience of parties favored transferring from Delaware to New York as derivative plaintiff was District of Columbia resident and none of the parties or witnesses were residents or had principal places of business in Delaware). In addition, transferring the Complaint to the District of Massachusetts would be much less disruptive to Sycamore Networks' business operations, which are run from Sycamore Networks' principal executive offices in Massachusetts (Compl. ¶ 12.). See Burstein, 829 F. Supp. at 112 (in transferring action, court considered potential disruption to defendant company's business because two defendants with principal offices in Massachusetts intended to participate in trial).

**b.    Transfer to Massachusetts is convenient
for virtually all of the potential witnesses.**

Moreover, as with the individually named Defendants who work at Sycamore Networks, Massachusetts is the residence and place of business of nearly every individual at Sycamore Networks with knowledge of the facts underlying this litigation.  Transferring the action to the District of Massachusetts would be more convenient for those individuals.  <u>Affymextrix, Inc. v. Synteni, Inc.</u>, 28 F. Supp. 2d 192, 203 (D. Del. 1998) ("Fact witnesses who possess first-hand knowledge of the events giving rise to the lawsuit . . . have traditionally weighed quite heavily in the 'balance of convenience' analysis."); <u>Kirschner Bros. Oil, Inc.</u>, 697 F. Supp. at 808 (transferring securities fraud action to district of company's principal place of business "would allow [key party witnesses] to pay greater attention to corporate business matters, minimizing the interference with the efficient conduct of [the company's] business during trial.  The reduction of such interference is an important factor for balancing convenience.").

**c.    Most -- if not all -- relevant
documentary evidence is in Massachusetts.**

Finally, as Sycamore Networks' principal executive offices are located in Massachusetts, the majority of documents relating to this action are located in the District of Massachusetts rather than Delaware.  <u>See, e.g.</u>, <u>Burstein</u>, 829 F. Supp. at 110-11 (while some documents were located in transferor forum in Delaware, all documents with the exception of correspondence files of three defendants were located in transferee forum in Massachusetts, where "most of the evidence was present").

11

3.    **Plaintiff's choice of forum should be
afforded little deference because he is not a Delaware
resident, and Sycamore Networks is the real party-plaintiff.**

While a plaintiff's choice of forum is typically an important consideration

under Section 1404(a), this choice is given less weight when the plaintiff has not chosen

to bring suit in his "home turf." Kirschner Bros. Oil, Inc., 697 F. Supp. at 806

(transferring case and stating that "[i]f the plaintiff chooses a forum which is not his

'home turf' and which has no connection to any of the acts giving rise to the lawsuit,

however, the convenience to the plaintiff of litigating in his chosen forum is not as

great."). When plaintiff chooses to sue outside his "home turf," the "'quantum of

inconvenience to defendant needed to tip the balance strongly in favor of transfer' is

concomitantly reduced." Clopay Corp. v. Newell Cos. Inc., 527 F. Supp. 733, 736 (D.

Del. 1981) (transferring case to forum of defendant's headquarters, noting that plaintiff's

choice of forum is "not adopted blindly or without reason") (quoting Gen. Instrument

Corp. v. Mostek Corp., 417 F. Supp. 821, 822-23 (D. Del. 1976)). Here, Plaintiff, a

resident of New York (Compl. ¶10) chose to bring suit outside his "home turf" relating to

events that occurred in Massachusetts -- not Delaware or New York. Plaintiff's choice of

forum is therefore entitled to little, if any, weight.

Also weighing against providing deference to Plaintiff's choice of forum

is that this is a shareholder derivative action. In a shareholder derivative action, unlike

an individual claim that plaintiff brings on his own behalf to enforce a right he

personally possesses, a shareholder derivative claim is brought on behalf of a corporation

to remedy an injury allegedly suffered by the corporation. Because Plaintiff brings this

case on behalf of Sycamore Networks, Sycamore Networks is the real party-plaintiff in

12

this case. As a result, "[i]n a shareholder's derivative suit, plaintiff's choice of forum is entitled to little weight." Jacobs, 316 F. Supp. at 168 n.29 (transferring derivative action filed by District of Columbia resident to New York because none of the parties or witnesses have residences or principal places of business in Delaware) (citing Koster v. (Am.) Lumbermens Mut. Cas. Co., 330 U.S. 518, 524 (1947)) (emphasis added).

> **B.     Administrative and Practical Considerations
> Heavily Favor Transferring This Case To The District
> Of Massachusetts As It Would Serve The Interest Of Justice.**

The second prong of the Section 1404(a) analysis -- the interest of justice -- also favors transferring this case to the District of Massachusetts. 28 U.S.C. § 1404(a). Administrative and practical considerations, such as costs to parties, availability of judicial process, sound judicial administration and conservation of judicial resources are factors to consider when analyzing whether the transfer would serve the interests of justice. Jumara, 55 F.3d at 879; Burstein, 829 F. Supp. at 112. Those factors overwhelmingly favor transferring this case to the District of Massachusetts, where the substantially similar Massachusetts Action is pending.

Where -- as here -- there are multiple cases based on the same underlying conduct, "the balances of convenience, and particularly, the interests of the courts in the effective administration of justice, weigh heavily in favor of transfer[ing]" to a single forum. Jacobs, 316 F. Supp. at 169 (transferring derivative action from Delaware to Southern District of New York where seven consolidated cases based on same alleged conduct were pending). Indeed, when there are substantially similar cases in multiple jurisdictions, a transfer serves the interests of justice because such transfer results in a reduction in the cost of litigation; easier access to documentary evidence; assurance of

live testimony from third-party witnesses; conservation of judicial resources; and avoidance of overlapping or competing cases involving the same claims and avoidance of inconsistent results on the merits. Hall v. Kittay, 396 F. Supp. 261, 264 (D. Del. 1975) (transferring securities class action from Delaware to Southern District of New York, where another class action based on substantially similar facts was pending).

In Jacobs, the plaintiff brought a shareholder derivative action on behalf of a Delaware corporation against the officers and directors of the company, alleging violations of fiduciary duties and federal securities laws. 316 F. Supp. at 153-54. The defendants moved to transfer the action from Delaware to the Southern District of New York, the location of the alleged misconduct and defendant's principal place of business. Id. at 168. While evaluating whether the transfer would be in the interest of justice, the Court noted:

> [t]here is strong policy favoring the litigation of substantially similar claims in the same tribunal in order that (1) pretrial discovery may be conducted more efficiently; (2) the witnesses can be saved time and money; (3) duplicitous litigation can be avoided, thereby eliminating incurring expense to the parties and the public and (4) inconsistent results can be avoided. . . . a failure to transfer under the circumstances here faced would be 'inexcusably poor judicial administration.'

Id. at 169 (citations omitted).

As in Jacobs, transferring this case to the District of Massachusetts, the location of the alleged misconduct and Sycamore Networks' principal place of business and principal executive offices (Compl. ¶ 12), would avoid "inexcusably poor judicial administration." 316 F. Supp. at 169. In addition, the Hall factors also heavily favor transferring this case to Massachusetts, as it would reduce trial costs for Sycamore Networks and the individually named Defendants and provide easier access to the

14

documents and third-party witnesses located at Sycamore Networks. More importantly, transferring the Delaware Action to the District of Massachusetts conserves judicial resources and avoids the risk of overlap or inconsistent results by consolidating substantially similar derivative actions, both filed on behalf of the same real-party plaintiff Sycamore Networks.

## CONCLUSION

For all the foregoing reasons, Defendants' motion for transfer should be granted in its entirety, and this case should be transferred to the United States District Court for the District of Massachusetts.

Dated:  July 21, 2006                    Respectfully submitted,
           Wilmington, Delaware

_____              _____
William O. LaMotte, III (#460)          Anthony W. Clark (#2051)
MORRIS, NICHOLS, ARSHT                  Robert A. Weber (#4013)
  & TUNNELL LLP                         SKADDEN, ARPS, SLATE,
1201 N. Market Street                     MEAGHER & FLOM LLP
P.O. Box 1347                           One Rodney Square
Wilmington, Delaware 19899              P.O. Box 636
(302) 658-9200                          Wilmington, Delaware 19899
                                        (302) 651-3000

Of counsel:                             Of counsel:

Michael S. Gardener                     James R. Carroll
Michael F. Connolly                     Michael S. Hines
MINTZ, LEVIN, COHN, FERRIS              SKADDEN, ARPS, SLATE,
GLOVSKY and POPEO, P.C.                   MEAGHER & FLOM LLP
One Financial Center                    One Beacon Street
Boston, Massachusetts 02111             Boston, Massachusetts 02108
(617) 542-6000                          (617) 573-4800

Counsel for Defendant                   Counsel for Nominal Defendant
Frances M. Jewels                       Sycamore Networks, Inc. and
                                        Defendants Gururaj Deshpande,
                                        Daniel E. Smith and Richard J. Gaynor

                                                  -and-

                                        John D. Donovan, Jr.
                                        Kelly Begg Lawrence
                                        ROPES & GRAY LLP
                                        One International Place
                                        Boston, Massachusetts 02110
                                        (617) 951-7000

                                        Counsel for Defendants
                                        Timothy A. Barrows,
                                        Paul W. Chisholm, Paul J. Ferri
                                        and John W. Gerdelman

16

## CERTIFICATE OF SERVICE

I, Robert A. Weber, do hereby certify that on July 21, 2006, I caused Defendants' Memorandum In Support Of Their Motion To Tansfer to be served upon the following counsel of record:

**BY HAND**

Pamela S. Tikellis
Robert J. Kriner, Jr.
A. Zachary Naylor
CHIMICLES& TIKELLIS LLP
One Rodney Square
P.O. Box 1035
Wilmington, Delaware 19899

**BY FEDEX**

Jeffrey G. Smith
Lawrence P. Kolker
Gustavo Bruckner
Martin Restituyo
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016

Jacob T. Fogel
LAW OFFICES OF
  JACOB T. FOGEL
32 Court Street
Suite # 602
Brooklyn, New York 11201

Robert A. Weber (#4013)