UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

YAKOV WEISLER,

                  :

        Plaintiff,               Civil Action

                  :  No. 06-00362-GMS

      v.                   :

TIMOTHY A. BARROWS, et al.,

                  :

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF THEIR MOTION TO TRANSFER**

Anthony W. Clark (#2051)
Robert A. Weber (#4013)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

Of counsel:
James R. Carroll
Michael S. Hines
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800

Counsel for Nominal Defendant
Sycamore Networks, Inc. and
Defendants Gururaj Deshpande,
Daniel E. Smith and Richard J. Gaynor

William O. LaMotte, III (#460)
MORRIS, NICHOLS, ARSHT
  & TUNNEL LLP
1201 N. Market Street
P.O. Box 1347
(302) 658-9200

Of counsel:
Michael S. Gardener
Michael F. Connolly
MINTZ, LEVIN, COHN, FERRIS
  GLOVSKY and POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000

Counsel for Defendant
Frances M. Jewels

John D. Donovan, Jr.
Kelly Begg Lawrence
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
(617) 542-6000

Counsel for Defendants Timothy A.
Barrows, Paul W. Chisholm, Paul J.
Ferri and John W. Gerdelman

Dated: August 18, 2006

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT ..................................................................................................................3

I.     PLAINTIFF'S "DEFERENCE" ARGUMENT IS
WEAKENED BECAUSE THIS IS A DERIVATIVE ACTION,
AND PLAINTIFF FILED THIS CASE OUTSIDE HIS HOME TURF ............................3

       A.     The Opposition Ignores That This Is A Derivative Action.......................4

       B.     Plaintiff's Choice Of Forum Is Further Weakened
Because Delaware Is *Not* Plaintiff's "Home Turf"....................................5

II.    THE "PRIVATE FACTORS" HEAVILY FAVOR TRANSFER TO
THE DISTRICT OF MASSACHUSETTS BECAUSE THAT IS THE
LOCATION OF THE ALLEGED MISCONDUCT, AND ALMOST
ALL PARTIES AND WITNESSES RESIDE IN MASSACHUSETTS..........................6

       A.     The Misconduct Is Alleged To Have
Occurred In Massachusetts, And The Opposition's
Assertions To The Contrary Are Demonstrably Baseless ........................7

       B.     Massachusetts Is More Convenient For The
Parties, Particularly Since Plaintiff Resides In New York ....................10

       C.     Massachusetts Is More Convenient
For Potential Non-Party Fact Witnesses ...............................................11

III.   THE "PUBLIC FACTORS" HEAVILY FAVOR A
TRANSFER TO THE DISTRICT OF MASSACHUSETTS BECAUSE
JUDICIAL EFFICIENCY WILL BE PROMOTED BY A TRANSFER .........................13

CONCLUSION...............................................................................................................14

## TABLE OF AUTHORITIES

Affymextrix, Inc. v. Synteni, Inc.,
    28 F. Supp. 2d 192 (D. Del. 1998)..................................................................3, 12, 13

Ariel v. Barrows, et al.,
    Civ. A. No. 06-3601 (JG) (RLM) (E.D.N.Y.) ....................................................6

Burstein v. Applied Extrusion Technologies, Inc.,
    829 F. Supp. 106 (D. Del. 1992)............................................................ *passim*

Clopay Corp. v. Newell Cos. Inc.,
    527 F. Supp. 733 (D. Del. 1981) ........................................................................7

C.R. Bard Inc. v. Guidant Corp.,
    997 F. Supp. 556 (D. Del. 1998)......................................................................5, 6

Elbeco Inc. v. Estrella de Plato, Corp.,
    989 F. Supp. 669 (E.D. Pa. 1997) ....................................................................11

Gen. Instrument Corp. v. Mostek Corp.,
    417 F. Supp. 821 (D. Del 1976)..........................................................................7

Jacobs v. Tenney,
    316 F. Supp. 151 (D. Del. 1970) ........................................................................4

Jumara v. State Farm Ins. Co.,
    55 F. 3d 873 (3d Cir. 1995)...........................................................................7, 13

Kirschner Bros. Oil, Inc. v. Pannill,
    697 F. Supp. 804 (D. Del. 1988).........................................................................9

Koster v. (Am.) Lumbermens Mut. Cas. Co.,
    330 U.S. 518 (1947).............................................................................................4

MacAlister v. Guterma,
    263 F.2d 65 (2d Cir. 1958)................................................................................14

In re ML-Lee Acquisition Fund II, L.P.,
    816 F. Supp. 973 (D. Del. 1993) ........................................................................5

Patel v. Deshpande, et al.,
    Civ. A. No. 06-11130-RCL (D. Mass.).............................................................14

Quandt v. Beech Aircraft Corp.,
    317 F. Supp. 1009 (D. Del. 1970)................................................................8, 10

Superior Precast, Inc. v .Safeco Ins. Co. of Am.,
 71 F. Supp. 2d 438 (E.D. Pa. 1999) ........................................................................11

Vanpraet v. Deshpande, et al.,
 Civ. A. No. 06-11130-RCL (D. Mass.).....................................................................14

**RULES**                                                                **PAGE(S)**

Fed. R. Civ. P. 45(b)(2)...............................................................................................12

**STATUTES**                                                             **PAGE(S)**

28 U.S.C. § 1404(a).… ................................................................................................2

## PRELIMINARY STATEMENT

Plaintiff's argument that this shareholder derivative action should not be transferred to the District of Massachusetts because (i) Plaintiff's choice of forum is "entitled to deference" and (ii) a transfer would "simply shift some inconvenience" to Plaintiff is based upon misapplications of law and erroneous assertions of "facts" concerning the location of alleged wrongdoing and the parties/potential witnesses.[1] Indeed, when the "private" and "public" factors Plaintiff identifies as guiding the determination of a motion to transfer pursuant to Section 1404(a) are considered (Opp. at 4-5, 7), the balance of those factors weighs decidedly in favor of transfer. Accordingly, Defendants' motion should be granted in its entirety,[2] and this case transferred to the United States District Court for the District of Massachusetts.

Fundamental to the determination of the Motion is the fact that Plaintiff seeks to bring this action <u>derivatively</u> on behalf of Sycamore Networks, and not in his individual capacity. (Compl. ¶¶ 1, 11, 46.) As such, Sycamore Networks -- a Delaware corporation with its principal place of business in Massachusetts -- is the party in interest in this litigation, <u>not</u> Mr. Weisler. That procedural posture -- which is largely dispositive of Plaintiff's arguments -- is entirely <u>ignored</u> in the Opposition.

---

[1]    Plaintiff's Brief In Opposition To Defendants' Motion To Transfer Venue at 1 (D.I. 32) (cited as "Opp. at __"). All defined terms used herein are the same as those in Defendants' Memorandum Of Law In Support Of Their Motion To Transfer (D.I. 29) (cited as "Opening Brief at __"), filed July 21, 2006.

[2]    Defendants' Motion To Transfer Pursuant To 28 U.S.C. § 1404(a) (D.I. 28) (the "Motion").

Plaintiff's Opposition is predicated upon the argument that his choice of forum is a "paramount consideration," and should only be disturbed if Defendants can demonstrate that the balance of convenience weighs strongly in favor of a transfer. (Opp. at 4.) The Opposition ignores, however, that where -- as here -- a plaintiff has little or no connection to his chosen forum, that choice is entitled to little weight or, at a minimum, lessens a defendant's burden to demonstrate the inconvenience necessary to support a transfer motion. In this case, Plaintiff's choice of forum is substantially weakened for two separate, but independently sufficient reasons. <u>First</u>, Plaintiff seeks to sue derivatively, and not in his individual capacity. <u>Second</u>, Plaintiff chose to sue outside his own "home turf." Those two factors strongly favor transferring this case to Massachusetts.

The Opposition's second argument, that transferring this case would only shift inconvenience to Plaintiff is a nonstarter, particularly since Plaintiff is bringing suit in a derivative capacity, and outside his home turf. Plaintiff is a New York resident, and litigating this action in either Delaware or Massachusetts is equally convenient for him. Indeed, the Opposition does not argue otherwise. Moreover, the alleged misconduct would have occurred, if it occurred at all, in Massachusetts (not Delaware). Also favoring transfer is that most potential non-party fact witnesses are located in Massachusetts, and are within that district court's subpoena power. In short, transfer to the District of Massachusetts is convenient for the parties and witnesses. <u>See</u> 28 U.S.C. § 1404(a).

2

The Opposition makes plain that the interests of justice would also be served by a transfer to Massachusetts because judicial efficiency would be promoted. There are now <u>two</u> shareholder derivative actions pending in the District of Massachusetts, both of which are based upon the same allegations Plaintiff asserts here. Consolidating all shareholder derivative actions into one case -- in the forum where the misconduct is alleged to have occurred -- would allow common questions of law and fact to be decided by one court, and also would provide for efficient oversight of pretrial matters. Consolidation is also in the best interests of Sycamore Networks -- the party on behalf these shareholder derivative suits are brought, and whose interests Plaintiff purportedly represents.

## ARGUMENT

**I.     PLAINTIFF'S "DEFERENCE" ARGUMENT IS
       WEAKENED BECAUSE THIS IS A DERIVATIVE ACTION,
       AND PLAINTIFF FILED THIS CASE OUTSIDE HIS HOME TURF.**

The linchpin of the Opposition's argument is the general rule that a plaintiff's choice of forum is an important consideration under Section 1404(a), and "[u]nless the balance of convenience is strongly in favor of the defendants, the plaintiff's choice of forum should prevail." (Opp. at 2.) However, where -- as here -- a plaintiff's connection to his chosen forum is weak, the <u>balance</u> of inconvenience a defendant needs to demonstrate to warrant a transfer is significantly lessened. <u>Affymetrix, Inc. v. Synteni, Inc.</u>, 28 F. Supp. 2d 192, 199 (D. Del. 1998) (granting motion to transfer and holding that "the weaker the connection between the forum and *either* the plaintiff *or* the lawsuit, the greater the ability of a defendant to show sufficient inconvenience to warrant transfer.").

In this case, Plaintiff's connection to this forum is considerably weak because: (i) this a shareholder derivative action and (ii) Plaintiff chose not to bring this suit in his "home turf."

### A. The Opposition <u>Ignores</u> That This Is A Derivative Action.

In the Opening Brief, Defendants argued that where -- as here -- a shareholder-plaintiff seeks to assert claims on behalf of a corporation, his choice of forum is entitled to little deference. (Opening Brief at 12-13.) The Opposition does not even attempt to address -- let alone rebut -- that argument. That omission is fatal to Plaintiff's choice of forum contention because, as the Supreme Court stated, the very nature of a derivative action substantially weakens any single shareholder-plaintiff's forum choice:

> But where there are hundreds of potential plaintiffs, all equally entitled voluntarily to invest themselves with the corporation's cause of action and all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened.

<u>Koster v. (Am.) Lumbermens Mut. Cas. Co.</u>, 330 U.S. 518, 524 (1947) (affirming dismissal of derivative action on *forum non conveniens* grounds). <u>See also</u> <u>Jacobs v. Tenney</u>, 316 F. Supp. 151, 168 n.29 (D. Del. 1970) (transferring shareholder derivative action from Delaware to New York and noting that "<u>[i]n a shareholder's derivative suit, plaintiff's choice of forum is entitled to little weight.</u>") (emphasis added). The Opposition does not even acknowledge this Court's precedent, which undermines Plaintiff's main argument.

4

**B.    Plaintiff's Choice Of Forum Is Further Weakened Because Delaware Is <u>Not</u> Plaintiff's "Home Turf."**

Further weakening the Opposition's deference argument is that Plaintiff is a <u>New York</u> resident, not Delaware.  (Compl. ¶ 10.)  When a plaintiff chooses to bring suit outside his "home turf," any deference to plaintiff's choice of forum is significantly lessened.  (Opening Brief at 12.)

Rather than attempt to rebut Defendants' arguments and authorities put forth in the Opening Brief, the Opposition mistakenly asserts that even if a plaintiff sues outside his "home turf," "the plaintiff's choice of forum is still of paramount consideration . . . ."  (Opp. at 4 (quoting <u>In re ML-Lee Acquisition Fund II, L.P.</u>, 816 F. Supp. 973, 976 (D. Del. 1993).)  As an initial matter, <u>In re ML-Lee</u> is inapposite because that case was a securities class action, not a shareholder derivative case.  <u>In re ML Lee</u>, 816 F. Supp. at 974.  That alone is dispositive.  Moreover, the court found that that case involved conduct that had "significant connections to Delaware."  <u>Id.</u> at 976.  This case, however, has no similarly strong Delaware nexus.  (<u>See</u> Opening Brief at 7-9; <u>see also</u> <u>infra</u> Part II.A.)

Similarly unavailing is Plaintiff's reliance on <u>C.R. Bard Inc. v. Guidant Corp.</u>, 997 F. Supp. 556 (D. Del. 1998).  (Opp. at 4.)  In <u>Bard</u>, plaintiff-corporation brought a patent infringement suit (not a shareholder derivative action) against defendant and its parent corporation.  <u>Bard</u>, 997 F. Supp. at 557.  In denying defendants' motion to transfer venue to California, the court held that it should defer to plaintiff's choice of forum "when it is due to legitimate, rational concerns."  <u>Id.</u> at 562 (quotation omitted).  The court found sufficient plaintiff's assertions that it filed suit in Delaware because that

forum was closer to plaintiff's witnesses and documents (which were located in New Jersey). <u>Id.</u>

In this case, by contrast, Plaintiff has not proffered <u>any</u> reason why he filed suit outside his "home turf."[3] Indeed, Plaintiff could have -- and should have -- brought suit in Massachusetts, the undisputed location of the alleged misconduct. Further, because Plaintiff seeks to pursue this action derivatively, he likely does not have any documents or witnesses unique to him (and the Opposition does not claim otherwise), nor does he claim to have personal knowledge of his allegations. (<u>See</u> Compl. Preamble (stating that the Complaint is "based upon the investigation of [Plaintiff's] counsel").) In short, because Plaintiff filed suit outside his "home turf," and further because he is bringing this suit on behalf of Sycamore Networks (and not individually), his choice of forum should be afforded little deference in the transfer analysis.

## II. THE "PRIVATE FACTORS" HEAVILY FAVOR TRANSFER TO THE DISTRICT OF MASSACHUSETTS BECAUSE THAT IS THE LOCATION OF THE ALLEGED MISCONDUCT, AND ALMOST ALL PARTIES AND WITNESSES RESIDE IN MASSACHUSETTS.

The Opposition identifies several "private factors" that a court should consider when evaluating a motion to transfer pursuant to Section 1404(a). (Opp. at 4-5.) Those factors are: (1) plaintiff's choice of forum, (2) defendants' choice of forum, (3) the location where the claim arose, (4) convenience of the parties "as indicated by their relative physical and financial condition," (5) convenience of the witnesses "but only to

---

[3]     At least one purported Sycamore Networks shareholder has filed a derivative action in a New York federal court -- this Plaintiff's alleged "home turf." (Compl. ¶ 10.) <u>See</u> <u>Ariel v. Barrows, et al.</u>, Civ. A. No. 06-3601 (JG) (RLM) (E.D.N.Y.). The <u>Ariel</u> complaint is based upon the same allegations of stock option backdating and, indeed, is virtually identical to the Complaint Plaintiff filed in this case. That case will also be subject to a motion to transfer to Massachusetts.

the extent that the witnesses may actually be unavailable for trial in one of the fora," and (6) location of documents. (Id. (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).)

       In this case, because this is a derivative action, and further because Plaintiff chose to file suit outside his home turf, the "'quantum of inconvenience to defendant needed to tip the balance strongly in favor of transfer' is concomitantly reduced." Clopay Corp. v. Newell Cos. Inc., 527 F. Supp. 733, 736 (D. Del. 1981) (quoting Gen. Instrument Corp. v. Mostek Corp., 417 F. Supp. 821, 822-23 (D. Del. 1976)). Nevertheless, every one of the remaining "private factors" overwhelmingly favors transfer to the District of Massachusetts.

    **A.**    **The Misconduct Is Alleged To Have**
              **Occurred In Massachusetts, And The Opposition's**
              **Assertions To The Contrary Are Demonstrably Baseless.**

       The Complaint's allegations make plain that, to the extent any misconduct occurred at all, the location of that wrongdoing would have been Massachusetts. Indeed, Sycamore Networks' principal place of business and principal executive offices are located in Massachusetts. (Compl. ¶ 12; Declaration of Richard J. Gaynor ¶ 2 (cited as "Gaynor Decl. ¶ __").) All Company press releases were issued from its headquarters in Massachusetts, and all SEC filings were prepared, reviewed and signed by Sycamore Networks' executives at the Company's Massachusetts headquarters. (Compl. ¶¶ 22, 27; Gaynor Decl. ¶ 4.) In addition, Plaintiff alleges that the internal investigation into the Company's stock option practices was "conducted and/or supervised" by defendant Gaynor, who works and resides in Massachusetts. (Compl. ¶¶ 21, 23; Gaynor Decl. ¶¶ 1, 6.)

The Opposition does not -- and cannot -- dispute that Massachusetts is the location of the alleged misconduct. Instead, the Opposition attempts to argue -- in a footnote -- that Delaware, Washington, D.C. and New York are also implicated because (i) Sycamore Networks is incorporated in Delaware, (ii) Sycamore Networks made allegedly false SEC filings in Washington, D.C., (iii) Sycamore Networks' securities are traded on the NASDAQ and (iv) the United States Attorney's office for the Southern District of New York is investigating Sycamore Networks. (Opp. at 5 n.2.) All of those assertions are without merit, and nevertheless are insufficient to change the fact that Massachusetts is the jurisdiction where the alleged "acts giving rise to the lawsuit" would have occurred. Burstein v. Applied Extrusion Technologies, Inc., 829 F. Supp. 106, 110 (D. Del. 1992).

Any connection that Delaware, Washington, D.C. and/or New York have to the allegations in the Complaint are, at best, tenuous. In any event, the authorities Defendants cited in the Opening Brief -- and ignored in the Opposition -- are dispositive of Plaintiff's arguments. (Opening Brief at 8-9.) First, a company's state of incorporation is insufficient, without more, to prevent a transfer to the venue where the acts giving rise to the lawsuit occurred. See, e.g., Quandt v. Beech Aircraft Corp., 317 F. Supp. 1009, 1012 (D. Del. 1970) ("While plaintiffs' choice of forum is entitled to some consideration, it is not determinative in view of the over-all balance of convenience to the parties, especially when the forum chosen is only the statutory home state of the defendant corporation.") (citation omitted) (emphasis added).

8

<u>Second</u>, the facts that Sycamore Networks made public filings with the SEC (which is located in Washington, D.C.), and that its securities are traded on the NASDAQ (which is located in New York) have no bearing on where the alleged misconduct occurred. <u>See</u> <u>Burstein</u>, 829 F. Supp. at 110 (transferring securities class action to Massachusetts because that was the location of the alleged misconduct, including that "[a]ll SEC or other regulatory filings by [defendant] were finalized in Massachusetts"); <u>see</u> <u>also</u> <u>Kirschner Bros. Oil, Inc. v. Pannill</u>, 697 F. Supp. 804, 806 (D. Del. 1988) (transferring action from Delaware despite some connection to Delaware through nationwide sale of stock and public representations because there were no contentions that "any of [d]efendants' actions which resulted in the alleged violations occurred in [Delaware] . . . [or] [p]laintiffs were harmed in Delaware.").

<u>Third</u>, Plaintiff's argument that the United States Attorney's office for the Southern District of New York is investigating Sycamore Networks (or any other defendant in this action), is simply wrong. Plaintiff does not even attempt to support that assertion, and Defendants are unaware of any investigation being conducted by any U.S. Attorney in any New York district. (Gaynor Decl. ¶ 9.) The Company did, however, disclose that it had received a grand jury subpoena from the United States Attorney's Office for the District of <u>Massachusetts</u> for the production of documents relating to its stock option practices. (<u>Id.</u>)

Accordingly, "whether the claim arose elsewhere" strongly favors transferring this case to Massachusetts. (Opp. at 4.)

**B.    Massachusetts Is More Convenient For The
Parties, Particularly Since Plaintiff Resides In New York.**

The Opposition's argument that transferring this case to Massachusetts is

not convenient for the parties because a transfer would "simply . . . shift inconvenience[ ]

to the [P]laintiff" is unavailing and should be rejected.  (Opp. at 5-6.)

Plaintiff is a New York resident, not Delaware, and litigating this case in

Delaware or Massachusetts is equally convenient for him.  Indeed, Plaintiff does not

argue that Massachusetts is somehow less convenient than Delaware.  See Burstein, 829

F. Supp. at 112 (transferring case from Delaware to Massachusetts in part because

plaintiff, who resided in Vermont, did not "present[ ] any evidence whatsoever that even

suggests that trial in Massachusetts would be at all inconvenient for him.").

As for Defendants, by contrast, Delaware is an inconvenient forum, while

Massachusetts is much more convenient.  Massachusetts (not Delaware) is the location of

Sycamore Networks' principal place of business, and is also the residence of all but one

of the individually named Defendants.[4]  (Compl. ¶¶ 12, 14-19, 21 and 25.)  Where -- as

here -- trial in a different venue would be equally inconvenient for a plaintiff as the forum

in which the case was filed, but the transferee forum would be much more convenient for

defendants, that factor weighs strongly in favor of a transfer.  Quandt, 317 F. Supp. at

1011 (transferring case from Delaware and noting that "[a]s to [plaintiffs'] convenience

---

[4]    Mr. Gerdelman is alleged to reside in Virginia (Compl. ¶ 19), and is the only non-
Massachusetts defendant.  Mr. Gerdelman, however, joined the motion to transfer,
thereby eliminating any potential inconvenience to him in transferring this case to
Massachusetts.  See Burstein, 829 F. Supp. at 111 (holding that because certain
defendants joined motion to transfer, "the increased inconvenience to these three
individual [d]efendants is irrelevant.").

there is little difference between the two possible fora. A trial, however, in Kansas would eliminate all of defendant's travel at little added inconvenience to the plaintiffs.").[5]

The Opposition's reliance on two Eastern District of Pennsylvania cases to support its argument that transferring this case to Massachusetts would only inconvenience Plaintiff is unconvincing. (Opp. at 6.) In those cases, plaintiffs brought suit in their place of residence, and where the alleged misconduct occurred. <u>Superior Precast, Inc. v. Safeco Ins. Co. of Am.</u>, 71 F. Supp. 2d 438, 447 (E.D. Pa. 1999) (denying motion to transfer case brought by Pennsylvania plaintiff in part because "some substantial operative facts and events" occurred in that district); <u>Elbeco Inc. v. Estrella de Plato, Corp.</u>, 989 F. Supp. 669, 679 (E.D. Pa. 1997) (denying motion to transfer case brought by Pennsylvania plaintiff in part because "a substantial part of the events giving rise to the claim occurred here.").

Accordingly, "the convenience of the parties as indicated by their relative physical and financial condition" strongly favors transferring this case to Massachusetts. (Opp. at 4-5.)

### C.     Massachusetts Is More Convenient For Potential Non-Party Fact Witnesses.

The Opposition argues that Defendants seek a transfer to Massachusetts "merely to provide a greater convenience to the witnesses," but do not provide any

---

[5]     Plaintiff also argues that "Defendants do not demonstrate that their financial condition will prevent them from defending themselves" in Delaware. (Opp. at 6.) Defendants did demonstrate -- and it is unchallenged in the Opposition -- that a trial in Massachusetts would be much less disruptive to Sycamore Networks' business operations, which are run from its principal executive offices in Massachusetts. (Opening Brief at 10.) <u>See</u> <u>Burstein</u>, 829 F. Supp. at 112 (holding that disruption to a business is an appropriate consideration when determining convenience of the parties).

evidence that "the witnesses would be unavailable for trial in this district." (Opp. at 6.) That argument misses the point. It is the ability of the two fora to compel witnesses (particularly non-party fact witnesses) to attend trial that guides this factor. <u>Affymetrix</u>, 28 F. Supp. 2d at 203 ("the location of potential witnesses, <u>and, thus, their ability to be subject to compulsory process</u> has weighed heavily in the balance of convenience analysis") (quotation omitted) (emphasis added).

As discussed in the Opening Brief, the potential fact witnesses in this case are likely all to be current or former Sycamore Networks employees, most of whom reside in Massachusetts. (Opening Brief at 11.) In particular, although this action is in its early stages, Sycamore Networks has identified several non-party fact witnesses (all of whom are former Sycamore Networks' employees) who possess first-hand knowledge of Plaintiff's allegations, and who Defendants would likely call to offer testimony in this matter. (Gaynor Decl. ¶ 7.) All of those potential witnesses reside in Massachusetts, and therefore are subject to the subpoena power of that court. <u>See</u> Fed. R. Civ. P. 45(b)(2). Moreover, Defendants are not aware of <u>any</u> potential non-party fact witnesses who are located within this Court's subpoena power (Gaynor Decl. ¶ 8), and Plaintiff has not identified any.

Accordingly, "the convenience of the witnesses" strongly favors transferring this case to Massachusetts.[6] (Opp. at 4-5.)

---

[6]    The Opposition also argues that the physical location of documents is no longer relevant in the venue analysis, and this Court should not consider it. (Opp. at 6-7.) Importantly, Plaintiff does not dispute that most, if not all, of the relevant documents are located in Massachusetts, and <u>none</u> are located in Delaware. Accordingly, to the extent the Court does consider the location of documents relevant to its venue analysis, that factor also strongly favors transferring this case to Massachusetts.

III.    THE "PUBLIC FACTORS" HEAVILY FAVOR A
TRANSFER TO THE DISTRICT OF MASSACHUSETTS BECAUSE
JUDICIAL EFFICIENCY WILL BE PROMOTED BY A TRANSFER.

The Opposition also argues that the Court should consider several "public factors" in its venue analysis: (i) the enforceability of the judgment, (ii) practical considerations of trial expedition, (iii) administrative difficulty resulting from court congestion, (iv) local interests, (v) public policy and (vi) familiarity with applicable state law.  (Opp. at 7.)  Those public factors form the interests of justice analysis embodied in Section 1404(a).  See Jumara, 55 F.3d at 882; see also Burnstein, 829 F. Supp. at 112.

While most of the "public factors" are largely inapplicable here, the overarching consideration in this case is that judicial efficiency will be promoted by a transfer to the District of Massachusetts.  Burstein, 829 F. Supp. at 112 (holding that "the maintenance of sound judicial administration and the proper conservation of judicial resources" are important factors in the interests of justice analysis).

As discussed above, all but one of Defendants is alleged to reside in Massachusetts, and virtually all of the potential witnesses and relevant documents are located in Massachusetts.  Expense of trial would be considerably lessened by a transfer to Massachusetts.  Id. at 113.  Indeed, while Plaintiff will necessarily need to retain local counsel in either Delaware or Massachusetts, Defendants will not be required to retain local counsel in Massachusetts.  See Affymetrix, 28 F. Supp. 2d at 205-06 (noting that eliminating the expense of retaining local counsel is a factor in the interests of justice analysis).

13

Moreover, there are now <u>two</u> shareholder derivative actions pending in the District of Massachusetts, both of which are predicated upon the identical allegations of stock option backdating that form the basis of the Complaint in this case.[7]  Accordingly, all of these cases involve the same questions of law and fact.  Transferring all shareholder derivative actions to Massachusetts -- the location of Sycamore Networks' principal place of business and the forum in which the misconduct is alleged to have occurred -- would certainly promote judicial efficiency.  Transfer would allow all derivative actions to be consolidated, one lead plaintiff (potentially this Plaintiff) and lead counsel (potentially Plaintiff's counsel) to be appointed, and one proceeding to move forward.  Indeed, because derivative plaintiffs bring suit on behalf of the corporation -- and not themselves -- there should be only one pending derivative case.  See <u>MacAlister v. Guterma</u>, 263 F.2d 65, 68 (2d Cir. 1958) (noting that the cost of defending multiple derivative actions may harm the corporation on whose behalf derivative suits are purportedly brought).  Further, private and public resources would not be wasted by conducting parallel proceedings, and the risk of inconsistent results would be eliminated.  In short, multiple shareholder derivative cases should not be pending, and this case transferred to the District of Massachusetts.

## CONCLUSION

For all the foregoing reasons, as well as those stated in the Opening Brief (D.I. 29),  Defendants' motion to transfer should be granted in its entirety, and this case transferred to the United States District Court for the District of Massachusetts.

---

[7]    See <u>Vanpraet v. Barrows, et al.</u>, Civ. A. No. 06-11130-RCL (D. Mass.); <u>Patel v. Deshpande, et al.</u>, Civ. A. No. 06-11207-RCL (D. Mass.).  Both of those cases are currently pending before the Honorable Reginald C. Lindsay.

Dated:  August 18, 2006
        Wilmington, Delaware

Respectfully submitted,

_William O. LaMotte, III (#400)_                    _Anthony W. Clark (#2051)_

William O. LaMotte, III (#400)
MORRIS, NICHOLS, ARSHT
  & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899
(302) 658-9200

Anthony W. Clark (#2051)
Robert A. Weber (#4013)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

Of counsel:

Michael S. Gardener
Michael F. Connolly
MINTZ, LEVIN, COHN, FERRIS
GLOVSKY and POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000

Of counsel:

James R. Carroll
Michael S. Hines
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800

Counsel for Defendant
Frances M. Jewels

Counsel for Nominal Defendant
Sycamore Networks, Inc. and
Defendants Gururaj Deshpande,
Daniel E. Smith and Richard J. Gaynor

                -and-

John D. Donovan, Jr.
Kelly Begg Lawrence
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000

Counsel for Defendants
Timothy A. Barrows,
Paul W. Chisholm, Paul J. Ferri
and John W. Gerdelman

## CERTIFICATE OF SERVICE

I, Robert A. Weber, do hereby certify that on August 18, 2006, I caused Defendants' Reply Memorandum Of Law In Further Support Of Their Motion To Tansfer to be served upon the following counsel of record:

**BY HAND**

Pamela S. Tikellis
Robert J. Kriner, Jr.
A. Zachary Naylor
CHIMICLES& TIKELLIS LLP
One Rodney Square
P.O. Box 1035
Wilmington, Delaware 19899

**BY FEDEX**

Jeffrey G. Smith
Lawrence P. Kolker
Gustavo Bruckner
Martin Restituyo
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016

Jacob T. Fogel
LAW OFFICES OF
  JACOB T. FOGEL
32 Court Street
Suite # 602
Brooklyn, New York 11201

Robert A. Weber (#4013)

16