IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| YAKOV WEISLER, IN THE RIGHT OF AND FOR THE BENEFIT OF SYCAMORE NETWORKS, INC. | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 06-362 GMS |
| v. | ) ) | |
| TIMOTHY A. BARROWS, PAUL W. CHISHOLM, GURURAJ DESHPANDE, PAUL J. FERRI, RICHARD J. GAYNOR, JOHN W. GERDELMAN, FRANCES M. JEWELS, and DANIEL E. SMITH, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT FRANCES M. JEWELS' OPENING BRIEF
## IN SUPPORT OF HER MOTION TO DISMISS THE COMPLAINT

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
William O. LaMotte, III (#460)
1201 N. Market Street
P. O. Box 1347
Wilmington, Delaware 19899
(302) 658-9200
  Attorneys for Defendant Frances M. Jewels

OF COUNSEL:

Michael S. Gardener
Michael F. Connolly
MINTZ, LEVIN, COHN, FERRIS
GLOVSKY and POPEO P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000

August 25, 2006

TABLE OF CONTENTS

Page

TABLE OF CITATIONS                                                      iii

NATURE AND STAGE OF THE PROCEEDINGS                                      1

SUMMARY OF THE ARGUMENT                                                  1

STATEMENT OF ALLEGED FACTS                                               3

ARGUMENT                                                                 4

I.    THE COMPLAINT AGAINST MS. JEWELS SHOULD BE
      DISMISSED IN ITS ENTIRETY BECAUSE MS. JEWELS IS
      NOT SUBJECT TO THE PERSONAL JURISDICTION OF THIS
      COURT.                                                             4

      A.    Ms. Jewels' Status as a Former Officer of Sycamore
            Cannot Be The Basis for Personal Jurisdiction.               6

      B.    A Retrospective Application of 10 Del. C. § 3114 in This
            Case Would Violate the Due Process Clause of the United
            States Constitution.                                        9

II.   PLAINTIFF DOES NOT HAVE STANDING TO CHALLENGE
      ALLEGED MISCONDUCT OCCURRING WELL BEFORE HE
      BECAME A SYCAMORE SHAREHOLDER                                     11

III.  PLAINTIFF DID NOT MAKE PRE-SUIT DEMAND AND
      DOES NOT ALLEGE WITH PARTICULARITY WHY HIS
      FAILURE TO MAKE DEMAND IS EXCUSED.                                12

IV.   THE COMPLAINT ALSO SHOULD BE DISMISSED
      BECAUSE IT FAILS TO STATE ANY CLAIM FOR WHICH
      RELIEF MAY BE GRANTED.                                            13

      A.    Plaintiff's Section 14(a) Claim Against Ms. Jewels Should
            Be Dismissed As The Complaint Makes No Section 14(a)
            Allegations Against Ms. Jewels (Count I).                   13

      B.    Plaintiff's Sarbanes-Oxley Claim Should Be Dismissed
            Because Section 304 Does Not Provide A Private Right of
            Action (Count II).                                          13

            Plaintiff's Complaint Against Ms. Jewels Fails To State A
            Claim For Breach of Fiduciary Duty (Count III).            15

ii.

TABLE OF CONTENTS (continued)

<u>Page</u>

D.    Plaintiff's Claims of "Gross Mismanagement" and "Waste of Corporate Assets" Are Directed at Defendants Other Than Ms. Jewels (Counts IV and V).    16

CONCLUSION    17

## TABLE OF CITATIONS

Page(s)

Cases

*Alexander v. Sandoval,*
    532 U.S. 275 (2001)      14

*Armstrong v. Pomerance,*
    423 A.2d 174 (Del. 1980)      5, 10, 11

*Bishop v. Emerson Elec. Co.,*
    284 F. Supp. 760 (S.D. Iowa 1968)      6

*CRI Liquidating REIT, Inc. v. A.F. Evans Co., Inc.,*
    730 A.2d 1244 (Del. Ch. 1997)      passim

*Genaw v. Volkswagenwerk, A.G.,*
    536 F.2d 1039 (5th Cir. 1976)      6

*In re BISYS Group Inc. Derivative Action,*
    396 F. Supp. 2d 463 (S.D.N.Y. 2005)      14

*In re Lukens Inc. S'holders Litig.,*
    757 A.2d 720 (Del. Ch. 1999)      16

*In re Tri-Star Pictures, Inc., Litig.,*
    634 A.2d 319 (Del. 1993)      15

*In re Whitehall Jewellers, Inc. Shareholder Derivative Litig.,*
    2006 WL 468012 (N.D. Ill. Feb. 27, 2006)      14

*In re: Gen. Motors (Hughes) S'holder Litig.,*
    97 A.2d 162 (Del. 2006)      16

*Int'l Shoe Co. v. Washington,*
    326 U.S. 310 (1945)      10

*Kogan v. Robinson,*
    432 F. Supp. 2d 1075 (S.D. Cal. 2006)      14

*M & M Tech., Inc. v. Gurtler Chemicals, Inc.,*
    2005 WL 293509 (D. Del. Feb. 8, 2005)      4, 5, 10

*Mladinich v. Kohn,*
    186 So.2d 481 (Miss. 1966)      7

*Monacelli v. Grimes,*
    99 A.2d 255 (Del. 1953)    7

*Neer v. Pelino,*
    389 F.Supp.2d 648 (E.D. Pa. 2005)    15

*Nevins v. Revlon, Inc.,*
    182 A.2d 634 (Conn. Super. 1962)    7, 8

*Piscina v. City of New York,*
    98 N.Y.S.2d 399 (N.Y. Sup. 1950)    7, 8

*R.F. Shaffer v. Heitner,*
    433 U.S. 186 (1977)    10, 11

*Ravner v. Blank,*
    189 F. Supp. 471 (E.D. Pa. 1960)    7

*Sears, Roebuck & Co. v. Sears plc,*
    744 F. Supp. 1297 (D. Del. 1990)    4

*Solomon v. Pathe Commc'ns Corp.,*
    1995 WL 250374 (Del. Ch. Apr. 21, 1995), *aff'd,* 672 A.2d
    35, 38 (Del. 1996)    16

*Solomon v. Pathe Commc'ns Corp.,*
    672 A.2d 35 (Del. 1996)    15

*State ex rel. Clay Equip. Corp. v. Jensen,*
    363 S.W.2d 666 (Mo. 1963)    7

*Teacher's Retirement Sys. of La. v. Scrushy,*
    2004 WL 423122 (Del. Ch. March 2, 2004)    9

*Venoco, Inc. v. Marquez,*
    2003 WL 21026787 (D. Del. May 5, 2003)    5

*Walker v. Lukens, Inc.,*
    757 A.2d 1278 (Table) (Del. 2000)    16

*World-Wide Volkswagen Corp. v. Woodson,*
    444 U.S. 286 (1980)    10

<u>Other Authorities</u>

10 <u>Del. C.</u> § 8106    15, 16

8 <u>Del. C.</u> § 327    11

v.

Fed. R. Civ. P. 23.1                                                                11

## NATURE AND STAGE OF THE PROCEEDINGS

On May 31, 2006, plaintiff filed a derivative action complaint (the "Complaint") against nominal defendant Sycamore Networks, Inc. ("Sycamore" or the "Company"), each member of Sycamore's Board of Directors, and the current and former Chief Financial Officers of Sycamore. As described more fully below in the Statement of Alleged Facts, the Complaint alleges that (1) between 1999 and 2001, the defendants "authorized, modified, or failed to halt the back-dating of six new employee stock option grants, and cancelled and reissued six existing stock option grants … to provide a lower exercise price for these options," and (2) that certain defendants breached their fiduciary duties in connection with an internal investigation and restatement done by Sycamore in 2005 relating to stock options. Compl., ¶¶ 5, 6, 7 and 31.

On July 19, 2006, the defendants filed a motion to transfer this case to the District of Massachusetts. Briefing on that motion is complete.

Pursuant to extensions approved by the Court, the time for defendants to answer, move or otherwise plead to the Complaint was extended to and including August 25, 2006. Defendant Jewels has filed a Motion to Dismiss the Complaint as to her, and this is her opening brief in support of that motion.

## SUMMARY OF THE ARGUMENT

1.  The Complaint against Ms. Jewels should be dismissed with prejudice because Ms. Jewels is not subject to the personal jurisdiction of the Court.

   a.  Ms. Jewels' status as a former officer cannot be the basis for personal jurisdiction because plaintiff cannot establish jurisdiction over Ms. Jewels through 10 Del. C. § 3114 ("Section 3114") and any retrospective

application of Section 3114 would violate the due process clause of the United States Constitution.

2.    Plaintiff was not a Sycamore shareholder between 1999 and 2001, and therefore lacks standing to pursue litigation on behalf of Sycamore challenging alleged misconduct by Ms. Jewels that occurred during that time.

3.    The Complaint should be dismissed with prejudice because plaintiff did not make pre-suit demand, and the Complaint fails to allege with the requisite particularity facts demonstrating that demand would be futile.

4.    The Complaint should be dismissed because it fails to state any claim for which relief may be granted.

    a.    Plaintiff's Section 14(a) claim (Count I) against Ms. Jewels fails because the Complaint makes no Section 14(a) allegations against Ms. Jewels and in any event does not satisfy the particularity requirements of the PSLRA.

    b.    Plaintiff's Sarbanes-Oxley claim (Count II) fails because Section 304 does not create a private right of action.

    c.    Plaintiff's fiduciary duty claims (Count III) fail because they are wholly conclusory, do not make any particularized allegations concerning conduct by Ms. Jewels and do not allege facts that entitle plaintiff to relief.

    d.    Plaintiff's gross management and corporate waste claims (Counts IV and V) fail because they are wholly conclusory and do not make any allegations concerning conduct by Ms. Jewels.

<u>STATEMENT OF ALLEGED FACTS</u>

Plaintiff alleges that he became a stockholder of Sycamore on June 25, 2004. <u>Compl.</u>, ¶ 10.  Plaintiff further alleges that from 1999 to 2001 -- at least three years <u>prior</u> to his becoming a Sycamore stockholder -- the named defendants "authorized, modified, or failed to halt the back-dating of six new employee stock option grants, and cancelled and reissued six existing stock option grants …. to provide a lower exercise price for these options," causing these employees to be "unjustly enriched to the detriment of Sycamore and its shareholders." <u>Compl.</u>, ¶¶ 5, 6.  Plaintiff does not allege that any defendant received or otherwise benefited from any allegedly manipulated stock options. Plaintiff also does not allege that any specific action was taken or not taken by any particular defendant, including Ms. Jewels.  Plaintiff also does not allege that any Sycamore employee ever exercised any stock options alleged to be "manipulated."

Plaintiff acknowledges that Ms. Jewels resigned from her position as an officer of Sycamore in 2004.  <u>Compl.</u>, ¶ 26.  Plaintiff further alleges that in 2005 -- a year after Ms. Jewels' resignation -- the remaining defendants conducted an internal investigation concerning the alleged manipulation of stock options, and that the Company restated certain of Sycamore's historical financial statements in September 2005 as a result of that internal investigation.  <u>Compl.</u>, ¶ 7.  The plaintiff complains that while the Company filed a Form 10-K/A with the SEC in December 2005 "detailing its restated financials" and describing the findings of the independent investigation, the description of the restatement in the Form 10-K/A "highlight[ed] only the accounting problems" and the director defendants "did nothing to rectify the situation," by not rescinding or reversing option grants or causing any employees to suffer adverse consequences.  <u>Compl.</u>, ¶ 31. Plaintiff admits in his Complaint that he did not make pre-suit demand on Sycamore's

Board of Directors prior to initiating this suit, which was filed on May 31, 2006. Compl.,

¶ 48.

ARGUMENT

I.      THE COMPLAINT AGAINST MS. JEWELS SHOULD
        BE DISMISSED IN ITS ENTIRETY BECAUSE MS.
        JEWELS IS NOT SUBJECT TO THE PERSONAL
        JURISDICTION OF THIS COURT.

It is well-established that the plaintiff bears the burden of proof to establish the

existence of personal jurisdiction.  *E.g.*, *M & M Tech., Inc. v. Gurtler Chemicals, Inc.*,

2005 WL 293509, at *2 (D. Del. Feb. 8, 2005).  Where, as here, a defendant raises a

jurisdictional challenge prior to discovery, a plaintiff must make a prima facie showing

"in the allegations of the complaint" that the exercise of jurisdiction over the defendant is

appropriate.  *E.g.*, *Sears, Roebuck & Co. v. Sears plc*, 744 F. Supp. 1297, 1301 (D. Del.

1990); *see also*, *M & M*, 2005 WL 293509, at *3 (holding that third-party complainant

"bears the burden of alleging facts sufficient to make a prima facie showing of personal

jurisdiction over [defendant]").

To make out a prima facie case, plaintiff must first demonstrate that there is a

statutory basis for the assertion of jurisdiction.  *M & M*, 2005 WL 293509, at *2.

Plaintiff cannot make such a showing with respect to Ms. Jewels.  Plaintiff has not (and

cannot) allege that Ms. Jewels resides or has a usual place of business in Delaware, nor

that Ms. Jewels has been personally served with service of process in Delaware.  Because

plaintiff has not -- because he cannot -- allege that Ms. Jewels has had any contacts with

Delaware beyond formerly serving as an officer of an entity incorporated in Delaware but

located elsewhere, "[j]urisdiction in this case must exist, if at all, through … [10 Del. C.]

§ 3114." *E.M. Armstrong v. Pomerance*, 423 A.2d 174, 175 (Del. 1980); *see also*

*Venoco, Inc. v. Marquez*, 2003 WL 21026787, at *3 (D. Del. May 5, 2003).[1/]

As set forth more fully below, plaintiff cannot establish jurisdiction over Ms.

Jewels through this statute.   Plaintiff cannot rely on her status as a former officer of

Sycamore, since the alleged claims against Ms. Jewels are all based on conduct that

allegedly occurred before Section 3114 was amended to allow for personal jurisdiction --

based on implied consent -- over officers of Delaware corporations.[1/]   Further, even if

plaintiff could bring Ms. Jewels within the statute -- which he cannot -- jurisdiction

would still not lie because plaintiff has not, and cannot, carry his burden of establishing

that the exercise of personal jurisdiction would comport with the Due Process Clause of

the Fourteenth Amendment to the United States Constitution.  *M & M*, 2005 WL 293509

at *2.

---

[1/]    10 Del. C. § 3114 provides, in pertinent part: "Every nonresident of this State who after January 1, 2004, accepts election or appointment as an officer of a corporation organized under the laws of this State, or who after such date serves in such capacity, and every resident of this State who so accepts election or appointment or serves in such capacity and thereafter removes residence from this State shall, by such acceptance or by such service, be deemed thereby to have consented to the appointment of the registered agent of such corporation (or, if there is none, the Secretary of State) as an agent upon whom service of process may be made in all civil actions or proceedings brought in this State, by or on behalf of, or against such corporation, in which such officer is a necessary or proper party, or in any action or proceeding against such officer for violation of a duty in such capacity, whether or not the person continues to serve as such officer at the time suit is commenced. Such acceptance or service as such officer shall be a signification of the consent of such officer that any process when so served shall be of the same legal force and validity as if served upon such officer within this State and such appointment of the registered agent (or, if there is none, the Secretary of State) shall be irrevocable …."

A.    Ms. Jewels' Status as a Former Officer of Sycamore
Cannot Be The Basis for Personal Jurisdiction.

Plaintiff cannot base any arguments for personal jurisdiction over Ms. Jewels on her status as a former corporate officer of Sycamore. Plaintiff's alleged claims against Ms. Jewels are based on conduct alleged to have occurred from 1999 through 2001.[2/] At the time of this alleged conduct, Section 3114 only provided for the exercise of personal jurisdiction over directors of Delaware corporations based on their implied consent. It was only in 2003, two years after the alleged conduct occurred, that Delaware amended Section 3114 to provide that officers of a Delaware corporation also impliedly consented to personal jurisdiction of Delaware courts. See 10 Del. C. § 3114.

The amendment to Section 3114 does not and cannot provide for personal jurisdiction of Ms. Jewels based on purported conduct that is alleged to have occurred from 1999 to 2001. It is well-established that implied consent statutes such as Section 3114 cannot be applied retrospectively to confer jurisdiction for claims based on conduct that allegedly occurred prior to the statute's effective date. E.g., CRI Liquidating REIT, Inc. v. A.F. Evans Co., Inc., 730 A.2d 1244, 1246 (Del. Ch. 1997); Genaw v. Volkswagenwerk, A.G., 536 F.2d 1039, 1041-42 (5th Cir. 1976); Bishop v. Emerson Elec. Co., 284 F. Supp. 760, 762 (S.D. Iowa 1968); Mladinich v. Kohn, 186 So.2d 481, 482-83

---

[2/]    Plaintiff's claims relating to the alleged conduct of the defendants in 2005 are plainly inapplicable to Ms. Jewels, as the Complaint itself acknowledges that Ms. Jewels left the Company in October 2004. Compl., ¶ 25. Plaintiff's breach of fiduciary duty claim alleged against all defendants, including Ms. Jewels, arises "when they either expressly authorized the practice of manipulating stock options, or in conscious abrogation of their fiduciary duties, permitted it to occur." Compl., ¶ 41; see also Compl., ¶ 57. The Complaint acknowledges, however, that these alleged incidents of backdating occurred only in the period between 1999 and 2001. See Compl, ¶¶ 5, 7, 36, and 48(a).

(Miss. 1966); *State ex rel. Clay Equip. Corp. v. Jensen*, 363 S.W.2d 666, 670 (Mo. 1963);

*Nevins v. Revlon, Inc.*, 182 A.2d 634, 636 (Conn. Super. 1962); *Ravner v. Blank*, 189 F.

Supp. 471, 472 (E.D. Pa. 1960); *Piscina v. City of New York*,  98 N.Y.S.2d 399, 401

(N.Y. Sup. 1950).

In rejecting the retrospective application of implied consent statutes such as

Section 3114, courts have relied on two independent and equally dispositive grounds --

both of which are applicable here.

First, courts have determined that because implied consent statutes affect

substantive rights, those statutes fall within the general prohibition against applying such

laws retrospectively.  *CRI*, 730 A.2d at 1247 (refusing to give retrospective effect to an

implied consent statute, and citing to *Monacelli v. Grimes*, 99 A.2d 255 (Del. 1953) to

hold that "'[i]mplied consent' statutes have been deemed to be 'substantive' in Delaware

and elsewhere."); *State ex rel. Clay Equip Corp.*, 363 S.W.2d at 670; *Nevins*, 182 A.2d at

635.  The court in *State ex rel. Clay Equip. Corp.* explained that "[t]o apply the statute

retroactively would be to change the legal effect of past transactions." 363 S.W.2d at 670

(emphasis in original).  This is because a defendant alleged to have committed a tort has

no duty at that point in time to submit to personal jurisdiction if the implied consent

statute has not yet been enacted.  Similarly, the court in *Nevins* concluded that the

implied consent statute "opened the door to a remedy of suit in [the forum state] against

certain foreign corporations where, under prior law and under these circumstances, none

existed." 182 A.2d at 635.  Based on this reasoning, the court concluded that "[t]he right

given under the statute is a fundamental one.  It is a substantive right." *Id.* at 636.

This sound reasoning applies with equal force to Ms. Jewels, given the facts as alleged by the plaintiff. It cannot be disputed that to apply Section 3114 retrospectively would impermissibly change the legal effect of alleged past actions by making them subject to jurisdiction under a theory of implied consent. Moreover, application of Section 3114 to the current matter would "open the door," according to the reasoning in *Nevins*, for plaintiff's suit against Ms. Jewels, whereas before the amendment to the statute no such door was open. Given that application of Section 3114 therefore clearly affects the substantive rights of Ms. Jewels, *see CRI*, 730 A.2d at 1248-49, it cannot be applied retrospectively under settled Delaware law.

The second and independent basis for refusing to give retrospective effect to implied consent statutes is that "[c]onduct by an out-of-state resident that preceded the enactment of a service of process statute based on implied consent, cannot fairly be deemed as even constructive consent." *CRI*, 730 A.2d at 1248. The court in *Piscina* observed that a "[l]ogical contention cannot be made that [an individual], by doing the acts specified, is to be considered as having indicated an agreement in advance to accept something of which it could not at the time have been apprised, of which it had no knowledge, and which was not even in existence." 98 N.Y.S.2d at 401. In other words, the legal fiction of constructive or implied consent cannot logically be manipulated in such a manner so as to apply to conduct that has already occurred, and for which no contemporaneous implied consent had been given. This principle squarely applies to the facts as alleged in the plaintiff's Complaint. From 1999 through 2001, when the alleged conduct giving rise to plaintiff's claims occurred, Ms. Jewels indisputably did not provide any implied consent to be sued in Delaware for claims based on that alleged conduct,

since she was not apprised at that time that the imposition of jurisdiction could result from doing so.

The only Delaware court to examine whether Section 3114 applies to conduct of officers that occurred prior to its amendment fully accords with the conclusion that the Delaware implied consent statute cannot operate retrospectively. *Teacher's Retirement Sys. of La. v. Scrushy*, 2004 WL 423122 (Del. Ch. March 2, 2004). In *Scrushy*, the Chancery Court of Delaware considered a motion to stay filed by several defendant directors and officers in a derivative suit. *Id.* at \*1. In granting the motion to stay, the court noted that the derivative complaint "alleges no acts that these former officers undertook in Delaware and they are sued for conduct that pre-dates our state's new service of process statute addressing corporate officers. It is probable, therefore, that this court cannot exercise personal jurisdiction over these defendants." *Id.* at \*10. Accordingly, this Court should refrain from exercising jurisdiction over Ms. Jewels under Section 3114 based on the rulings of the Chancery Court and other courts that have addressed this issue.

> B.    A Retrospective Application of 10 <u>Del.</u> <u>C.</u> § 3114 in
>        This Case Would Violate the Due Process Clause of
>        <u>the United States Constitution.</u>

An attempt to exercise personal jurisdiction over Ms. Jewels would also violate the Due Process Clause of the United States Constitution. U.S. Const. amend XIV. In order for plaintiff to carry his burden of demonstrating that the exercise of personal jurisdiction over Ms. Jewels does not violate the Due Process Clause, he must establish "the existence of 'minimum contacts' between [Ms. Jewels] and the forum state, 'such that the maintenance of the suit does not offend traditional notions of fair play and

substantial justice.'"  *M & M*, 2005 WL 293509, at *2 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  The keystone of this analysis is a determination of whether the defendant's contacts with the forum state "would cause [her] to reasonably foresee that [she] might be 'haled before a court' in the forum as a result of [her] conduct."  *Id.* at *5 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).  On facts almost identical to the current case, the United States Supreme Court has held that in the absence of, *inter alia*, an implied consent statute that provides this critical notice to potential defendants, Delaware's assertion of personal jurisdiction over a director of a Delaware corporation violates the Due Process Clause.  *R.F. Shaffer v. Heitner*, 433 U.S. 186, 216-17 (1977); *see also E.M. Armstrong*, 423 A.2d at 179-80 (holding that Section 3114, enacted after *R.F. Shaffer*, was constitutional because, in part, it provided notice to Delaware directors that they could be haled into a Delaware court based on their status as directors).  The court in *CRI* also observed that retrospective application of an implied consent statute would pose due process concerns as the defendants were not on notice at the time they acted that they could be haled into court for such actions.  730 A.2d at 1246.

It cannot be disputed that at the time Ms. Jewels allegedly committed the acts attributed to her and the other defendants in the Complaint, she had absolutely no notice that she could be haled into a Delaware court for any such alleged conduct.[3]  This is

---

[3]    Whether or not a defendant had sufficient notice to satisfy due process is determined by examining whether she had notice at the time the alleged conduct took place.  Accordingly, plaintiff cannot argue that the amendment of Section 3114 somehow provides sufficient notice to Ms. Jewels.  Even if the notice analysis could be expanded to a consideration of the amended version of Section 3114, Plaintiff's arguments would still fail because nothing in that

(continued . . .)

because at the time she allegedly acted, there was no statute in place providing her with notice that she could be sued in Delaware for that alleged conduct, just as there was no statute in place in *R.F. Shaffer* that would have put the defendant directors on notice.  To the contrary, the controlling law at that time under *R.F. Shaffer*, Section 3114, and *E.M Armstrong*, was that her status as an officer of a Delaware corporation alone was <u>insufficient</u> to satisfy due process in order to exercise jurisdiction.  Accordingly, as articulated in *R.F. Shaffer*, *E.M. Armstrong*, and *CRI*, the exercise of personal jurisdiction over Ms. Jewels in the absence of this critical notice would undoubtedly violate the Due Process Clause.

II.     PLAINTIFF DOES NOT HAVE STANDING TO CHALLENGE ALLEGED MISCONDUCT OCCURRING WELL BEFORE HE BECAME A SYCAMORE SHAREHOLDER

Both Federal Rule of Civil Procedure 23.1 and Section 327 of the Delaware General Corporation law require that a derivative plaintiff be a shareholder of the corporation at the time of the transaction or activity of which be complains.  Fed. R. Civ. P. 23.1 ("[i]n a derivative action brought by one or more shareholders or members to enforce a right of a corporation … the complaint shall be verified and shall allege … that the plaintiff was a shareholder or member at the time of the transaction of which the plaintiff complains"); 8 <u>Del. C.</u> § 327 ("[i]n any derivative suit instituted by a stockholder

_____

(. . . continued)

> amendment provides notice that past acts would now be subject to jurisdiction. First, there is nothing in the express language of Section 3114 that would put officers on notice that they would be subjected to personal jurisdiction for past acts.  Second, as discussed above, the well-established law is that such implied consent statutes do not receive retrospective application.

of a corporation, it shall be averred in the complaint that the plaintiff was a stockholder of the corporation at the time of the transaction of which such stockholder complains"). Because plaintiff acknowledges in his Complaint that he has been a holder of Sycamore's common stock only since June 25, 2004, he is limited by his own pleading to only pursuing claims relating to activities or transactions occurring on or after that date. Compl., ¶ 10. Because the substantive allegations against Ms. Jewels concern the alleged granting of "back-dated stock options" and the "improper manipulation" of stock options between 1999 and 2001, at least three years prior to the plaintiff becoming a Sycamore stockholder, plaintiff lacks standing to bring suit against Ms. Jewels in a derivative capacity. [4/]

III.    PLAINTIFF DID NOT MAKE PRE-SUIT DEMAND AND DOES NOT ALLEGE WITH PARTICULARITY WHY HIS FAILURE TO MAKE DEMAND IS EXCUSED.

For the reasons set forth in the opening brief submitted on behalf of Defendants Deshpande, Smith, Gaynor, Barrows, Chisholm, Ferri, Gerdelman and nominal defendant Sycamore (hereinafter, the "Deshpande Brief"), demand was required and not excused. Since the arguments and reasoning in that brief apply equally to Ms. Jewels, she respectfully incorporates them by reference into this brief rather than burdening the Court with repetition.

---

[4/]    Plaintiff's remaining allegations relate to the investigation and restatement undertaken by Sycamore in 2005 (Compl., ¶¶ 7, 31, 43, 58, 62, 66). As noted above, plaintiff's Complaint acknowledges that Ms. Jewels resigned from Sycamore in 2004, a year before Sycamore's investigation and restatement, thereby rendering any of the plaintiff's allegations concerning the investigation and restatement wholly inapplicable to Ms. Jewels. Compl., ¶ 26.

IV.   THE COMPLAINT ALSO SHOULD BE DISMISSED
      BECAUSE IT FAILS TO STATE ANY CLAIM FOR
      WHICH RELIEF MAY BE GRANTED.

    A.   Plaintiff's Section 14(a) Claim Against Ms. Jewels
        Should Be Dismissed As The Complaint Makes No
        Section 14(a) Allegations Against Ms. Jewels
        (Count I).

The sole ground cited in plaintiff's Complaint in support of his Section 14(a) claim is his allegation that the "Director Defendants issued, caused to be issued and participated in the issuance of materially false and misleading statements to shareholders which was contained in the Company's Definitive Proxy filed on November 17, 2005 ...." Compl., ¶ 50 (emphasis added).  Ms. Jewels has never been a Director of Sycamore, and, in fact, resigned even from her position as an officer of Sycamore on October 5, 2004, more than thirteen months prior to the Director Defendants' issuance of the allegedly defective November 17, 2005 proxy statement.  Id. at ¶¶ 26 and 50. Accordingly, plaintiff has not made any Section 14(a) allegations against Ms. Jewels, and Count I of the Complaint against Ms. Jewels should be dismissed for this reason.[5]

    B.   Plaintiff's Sarbanes-Oxley Claim Should Be
        Dismissed Because Section 304 Does Not Provide
        A Private Right of Action (Count II).

Count II of the Complaint, which seeks the remedy of disgorgement from Ms. Jewels pursuant to Sarbanes-Oxley § 304 ("Section 304"), should also be dismissed

---

[5]   Moreover, as set forth in the Deshpande Brief and incorporated herein by reference, plaintiff's Section 14(a) allegations also fail to satisfy the heightened pleading requirements of the PSLRA, and should be dismissed for this reason as well.

because the plaintiff is a private party and lacks standing to assert a Section 304 claim either directly or derivatively.[6/]

Section 304 neither expressly nor implicitly confers a private right of action for its enforcement, a conclusion that is evident from the face of the statutory language, and underscored by the fact that <u>every court</u> that has considered this issue has so concluded. *See Kogan v. Robinson*, 432 F. Supp. 2d 1075, 1082 (S.D. Cal. 2006) (internal citations omitted) ("While Section 304 creates a right in favor of issuers, it does not create a private remedy. A Congressional intent to grant such a remedy is not evident in the text and structure of the statute, particularly where Congress has explicitly created a private remedy in a neighboring provision but did not do so in Section 304. In the absence of statutory intent to create a private remedy, "'a cause of action does not exist and courts may not create one .....'") (quoting *Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001)); *In re Whitehall Jewellers, Inc. Shareholder Derivative Litig.*, 2006 WL 468012, at * 7 (N.D. Ill. Feb. 27, 2006) ("§ 304 does not give rise to a private right of action"); *In re BISYS Group Inc. Derivative Action*, 396 F. Supp. 2d 463, 464 (S.D.N.Y. 2005) (Section 304 "does not expressly create a private cause of action in favor of the issuer or, for that

_____

[6/]     Section 304 provides, in pertinent part: "(a) Additional compensation prior to noncompliance with Commission financial reporting requirements. If an issuer is required to prepare an accounting restatement due to the material noncompliance of the issuer, as a result of misconduct, with any financial reporting requirement under the securities laws, the chief executive officer and chief financial officer of the issuer shall reimburse the issuer for (1) any bonus or other incentive-based or equity-based compensation received by that person from the issuer during the 12-month period following the first public issuance or filing with the Commission (whichever first occurs) of the financial document embodying such financial reporting requirement; and (2) any profits realized from the sale of securities of the issuer during that 12-month period." Sarbanes-Oxley Act of 2002 § 304, Pub. L. No. 107-204, 116 Stat. 745 (2002).

matter, anyone else"); *Neer v. Pelino*, 389 F.Supp.2d 648, 652, 657 (E.D. Pa. 2005)

("Section 304 does not explicitly afford a private right of action ..... [and] [i]n light of the

text and structure of the Act and its legislative history, we find that Congress did not

intend to create an implied cause of action in Section 304"); *In re Digimarc Corp.*, 2006

WL 2345497, at *3 (D. Or. August 11, 2006) (holding that "Section 304 contains neither

an explicit nor implied private cause of action for its violation").  Because Section 304

does not provide a private right of action to the plaintiff, Count II should be dismissed as

a matter of law.

> C.    Plaintiff's Complaint Against Ms. Jewels Fails To
>       State A Claim For Breach of Fiduciary Duty (Count
>       III). [7]

Simply put, plaintiff's conclusory allegations of inappropriate acts are not only

insufficient under the applicable pleading standards, but are contrary to existing

authority.  It is axiomatic that a complaint should be dismissed where it fails to allege

facts that entitle plaintiff to relief. *See, e.g., Solomon v. Pathe Commc'ns Corp.*, 672

A.2d 35, 38 (Del. 1996).  Neither inferences nor conclusions of fact unsupported by

allegations of specific facts upon which the inferences or conclusions rest are accepted as

true. *Id.* (quoting *In re Tri-Star Pictures, Inc., Litig.*, 634 A.2d 319, 326 (Del. 1993)).

Therefore, conclusory allegations that "the transaction is 'unfair' or 'coercive' or that

disclosure is 'inadequate'" do not satisfy a plaintiff's pleading obligation under Rule

12(b)(6) to state a claim upon which relief may be granted. *Solomon v. Pathe Commc'ns

Corp.*, 1995 WL 250374, at *4 (Del. Ch. Apr. 21, 1995), *aff'd*, 672 A.2d 35, 38 (Del.

---

[7]    As set forth in the Deshpande Brief and incorporated herein by reference, Count
III is also barred by the applicable statute of limitations. *See* 10 <u>Del. C.</u> § 8106.

1996); *Grobow*, 539 A.2d at 187 n.6 (Del. 1998). Moreover, a court "need not blindly accept as true all allegations, nor must it draw all inferences from them in plaintiff's favor unless they are reasonable inferences." *In re Lukens Inc. S'holders Litig.*, 757 A.2d 720, 727 (Del. Ch. 1999) (citing *Grobow*, 539 A.2d at 187 & n.6), *aff'd sub nom.*, *Walker v. Lukens, Inc.*, 757 A.2d 1278 (Table) (Del. 2000). The bald and conclusory allegations in the plaintiff's Complaint simply do not satisfy these pleading requirements for plaintiff's breach of fiduciary duty claim against Ms. Jewels.

> **D.** **Plaintiff's Claims of "Gross Mismanagement" and "Waste of Corporate Assets" Are Directed at Defendants Other Than Ms. Jewels (Counts IV and V). [8]**

In Counts IV and V of plaintiff's Complaint, plaintiff purports to assert claims for gross mismanagement and waste of corporate assets against all defendants. These allegations are entirely unsubstantiated and conclusory and therefore fail as a matter of law. *In re: Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 170-71 (Del. 2006) (affirming dismissal of plaintiff's claims for failure to state a claim because the allegations in the complaint did not support the conclusory statements contained therein)(citations omitted). Moreover, the conclusory allegations cited by plaintiff in support of Counts IV and V derive from and relate entirely to actions taken by the Company in connection with the Company's <u>2005</u> investigation and restatement, which plaintiff admits to have occurred <u>after</u> Ms. Jewels resigned from Sycamore in 2004.

---

[8]    As set forth in the Deshpande Brief and incorporated herein by reference, Counts IV and V are also barred by the applicable statute of limitations. *See* 10 <u>Del. C.</u> § 8106.

Compl., ¶¶ 25, 62, 63, 66, 67.  Because Counts IV and V contain no allegations relating in any respect to Ms. Jewels, they should be dismissed in their entirety as against her.

CONCLUSION

For all of the foregoing reasons, Ms. Jewels' Motion to Dismiss should be granted, and the Complaint should be dismissed with prejudice in its entirety.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____
William O. LaMotte, III (#460)
1201 N. Market Street
P. O. Box 1347
Wilmington, Delaware 19899
(302) 658-9200
  Attorneys for Defendant Frances M. Jewels

OF COUNSEL:

Michael S. Gardener
Michael F. Connolly
MINTZ, LEVIN, COHN, FERRIS
GLOVSKY and POPEO P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000

August 25, 2006

534236

## CERTIFICATE OF SERVICE

I, William O. LaMotte, III, Esquire, hereby certify that copies of **DEFENDANT FRANCES M. JEWELS' OPENING BRIEF IN SUPPORT OF HER MOTION TO DISMISS THE COMPLAINT** were served on August 25, 2006 as follows:

### BY ELECTRONIC FILING:

Pamela S. Tikellis, Esquire
Robert J. Kriner, Jr., Esquire
A. Zachary Naylor, Esquire
CHIMICLES & TIKELLIS LLP
One Rodney Square
P. O. Box 1035
Wilmington, DE  19899

Anthony W. Clark, Esquire
Robert A. Weber, Esquire
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899

William O. LaMotte, III (#460)