## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE RODNEY SQUARE

P.O. BOX 636

WILMINGTON, DELAWARE 19899-0636
___

TEL: (302) 651-3000

FAX: (302) 651-3001

www.skadden.com

FIRM/AFFILIATE OFFICES
___
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
___
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

October 6, 2006

**BY CM/ECF**

Hon. Gregory M. Sleet
United States District Court
844 N. King Street
Lockbox 19
Wilmington, Delaware 19801

Re:  _Weisler v. Barrows_, et al., Civ. A. No. 06-00362-GMS

Dear Judge Sleet:

We represent nominal defendant Sycamore Networks, Inc. ("Sycamore Networks") and individual defendants Gururaj Deshpande, Richard J. Gaynor and Daniel E. Smith (collectively, "Defendants") in the above-referenced matter. We understand from Plaintiff's counsel that the Court has requested our view concerning whether defendants' motion to transfer pursuant to 28 U.S.C. § 1404(a) (D.I. 28) (the "Motion") is moot in light of Plaintiff's filing of an amended complaint (the "Amended Complaint"). For the following reasons, Defendants' position is that the Motion is _not_ moot.

The Motion seeks a transfer of this case to the United States District Court for the District of Massachusetts on the grounds, among other things, that Massachusetts is a much more convenient forum for the parties and witnesses. Indeed, nearly all of the parties reside in Massachusetts, and virtually all of the likely relevant witnesses and documents are located in Massachusetts. In addition, the alleged misconduct would have occurred -- if at all -- in Massachusetts, not Delaware. Put simply, the allegations in the Amended Complaint do not change the convenience analysis.

Hon. Gregory M. Sleet
October 6, 2006
Page 2


       Defendants also respectfully request that the Court extend the time in which all defendants must respond to the Amended Complaint until 20 days after a ruling on the Motion (if the Motion is denied). Defendants have already briefed a motion to dismiss (which is now moot due to the filing of the Amended Complaint), and to brief yet another motion directed at the Amended Complaint would require significant additional time and resources. Indeed, if the Motion is granted, then a response to the Amended Complaint may never need to be filed.


       Respectfully submitted,


Robert A. Weber (#4013)


cc:    Clerk of the Court (via CM/ECF)
       Pamela S. Tikellis (via e-mail)
       Larry Kolker (via mail)
       William O. LaMotte, III (via e-mail)