IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| YAKOV WEISLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 06-362 GMS |
| | ) | |
| TIMOTHY A. BARROWS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

## I.    INTRODUCTION

Yakov Weisler ("Weisler") has brought this shareholder derivative action against various

directors and officers of Sycamore Networks, Inc. ("Sycamore"), including its chairman of the

board, Gururaj Deshpande ("Deshpande"), chief executive officer and director Daniel E. Smith

("Smith"), directors Timothy A. Barrows ("Barrows"), Paul W. Chisholm ("Chisholm"), Paul J.

Ferri ("Ferri"), and John W. Gerdelman ("Gerdelman"), chief financial officer, Richard J. Gaynor

("Gaynor"), former chief financial officer, treasurer and secretary Frances M. Jewels ("Jewels"), and

officers Anita Brearton ("Brearton"), Kurt Trampedach ("Trampedach"), Jeffry A. Kiel ("Kiel"),

and Kevin J. Oye ("Oye") (collectively, the "defendants").  According to the complaint, "this action

seeks redress for the harm done to Sycamore, by certain of its top executives who breached their

fiduciary duties of loyalty and good faith to the Company [Sycamore] by intentionally manipulating

stock option grant dates between 1999 and 2004, in order to provide certain employees with huge

financial windfalls at the expense of Sycamore and by misstating Sycamore's financial results from

fiscal year 1999 to the present."  (D.I. 42 ¶ 2.)  The complaint consists of six counts: (1) one count

against the directors for violations of section 14(a) of the Securities and Exchange Act of 1934 (the

"Exchange Act"); (2) one count against Deshpande, Smith, Gaynor, and Jewels for disgorgement

under the Sarbanes-Oxley Act of 2002 section 304 ("Sarbanes-Oxley"); (3) one count against the officers, and Chisholm, Gerdelman, Ferri, and Barrows for unjust enrichment; (4) one count against all defendants for breach of fiduciary duty; (5) one count against all defendants for gross mismanagement; and (6) one count against all defendants for waste of corporate assets.

Presently before the court is the defendants' motion to transfer pursuant to 28 U.S.C. § 1404(a). Because the court finds that transfer will convenience the parties and the witnesses while serving the interests of justice, it will grant the motion.

## II.    BACKGROUND.

Sycamore is a Delaware corporation with its principal place of business in Chelmsford, Massachusetts. According to the complaint, Sycamore engages in the development and marketing of optical networking products for domestic and international wire line and wireless network service providers, and government entities with private fiber networks. (D.I. 42 ¶ 18.) Sycamore's product portfolio includes optical switching products, network management products, and design and planning tools. (Id.)

Weisler accuses the defendants of collective and individual breaches of their fiduciary duties of loyalty, good faith, candor, due care, and their gross negligence in: (1) failing to discover or prevent the improper manipulation of employee stock option grants; (2) failing to discover or prevent the public misreporting of earnings caused by the manipulation of employee stock options, including its effect on stock option expenses and tax liabilities; (3) failing to properly implement, oversee, and maintain appropriate and adequate accounting and internal controls, practices and procedures, namely concerning the administration of Sycamore's stock-based compensation plan; (4) failing to ensure that Sycamore operated in compliance with all applicable federal and state laws,

rules, and regulations requiring the dissemination of accurate financial statements and restricting the misuse of material non-public information; (5) failing to ensure that Sycamore did not engage in any unsafe, unsound, or illegal business practices; and (6) failing to ensure that Sycamore's financial statements were prepared in accordance with Generally Accepted Accounting Principles ("GAAP"). (Id. ¶ 11.) Weisler claims that this conduct violates Section 14(a) of the Exchange Act and section 304 of Sarbanes-Oxley.

Weisler also accuses the defendants of authorizing, modifying, or failing to halt the back-dating of six new employee stock options, and canceling and reissuing existing stock option grants to provide a lower exercise price for the options, in both cases, from 1999 to 2004. (Id. ¶ 5.) Weisler alleges that the employees were unjustly enriched to the detriment of Sycamore and its shareholders as a result of the defendants' actions. Weisler claims that the unlawful conduct occurred while certain defendants were directing the company, and that these defendants were, therefore, breaching their fiduciary duties of care, loyalty, and good faith.

## III.    DISCUSSION.

Pursuant to section 1404(a), the court may transfer a civil action "for the convenience of parties and witnesses, in the interest of justice, . . . to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). It is within the court's discretion whether to transfer a case according to an individualized case-by-case consideration of conveniences and the interests of justice. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 197 (D. Del. 1998). In making its determination under section 1404(a), the court must consider whether transferring this action would convenience (1) the parties and (2) the witnesses while (3) serving the interests of justice. *Affymetrix*, 28 F. Supp. 2d at 196. It is the

3

movant's burden to establish the need to transfer, and "the plaintiff's choice of venue [will] not be lightly disturbed." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (internal quotations omitted); *see Truth Hardware Corp. v. Ashland Prods, Inc.*, No C.A. 02-1541 GMS, 2003 WL 118005, at *1 (D. Del. Jan.13, 2003). However, the moving party is not required to show truly compelling circumstances for change of venue, but rather that all relevant things considered, the case would be better off transferred to another district. *Dominy v. CSX Transp., Inc.*, Civ. A. No. 05-487, 2006 WL 573801, ** 2-3 (E.D. Pa. Mar. 9, 2006) (citing *In re United States*, 273 F.3d 380, 399 (3d Cir. 2001)).

There is no dispute here that Weisler could have brought this action in the District of Massachusetts. Thus, the court will continue with its inquiry as directed by the Third Circuit. *See Jumara*, 55 F.3d at 879. When considering a motion to transfer, the court must determine "whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." *Id.* This inquiry requires a "multi-factor balancing test," embracing not only the statutory criteria of convenience of the parties and the witnesses and the interests of justice, but all relevant factors, including certain private and public interests. *Id.* at 875. These private interests include: (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the expected witnesses; and (6) the location of books and records, to the extent that they could not be produced in the alternative forum.[1] *Id.* at 879. Among the relevant public interests are: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy,

---

[1] The first three of these private interest factors collapse into other portions of the *Jumara* analysis. Thus, the court will consider them in the context of the entire inquiry only. *See Affymetrix*, 28 F. Supp. 2d 192.

expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; and (5) the public policies of the fora. *Id.* at 879-880.

After having considered the relevant factors, the court finds that the defendants have met their burden of demonstrating that transfer to the District of Massachusetts is appropriate. The present suit is one of four federal actions commenced in three different districts[2] based upon substantially the same transactions and occurrences. As previously mentioned, Sycamore is principally based in Massachusetts. As a result, many of the witnesses with knowledge of the events giving rise to this lawsuit are located there. Indeed, Gaynor submitted a declaration, which states that Sycamore has identified several potential fact witnesses, all current or former employees of Sycamore with knowledge of the facts and circumstances regarding the allegations in the complaint, who reside in Massachusetts. (D.I. 34 ¶ 7.) These individuals would not appear to be subject to compulsory process in Delaware. *See* Fed. R. Civ. P. 45(b)(2) (2006). Additionally, Weisler is a New York resident, and none of the defendants are Delaware residents.[3] Moreover, in a shareholder's derivative suit, a plaintiff's choice of forum is entitled to little weight. *Koster v. (American) Lumbermen's Mutual Cas. Co.*, 330 U.S. 518, 524 (1947).

---

[2] The following are the names of the federal actions, which have been filed in Delaware, Massachusetts, and New York: *Weisler v. Barrows, et al.*, Civ. A. No. 06-362-GMS (Commenced on May 31, 2006, D. Del.), *Vanpraet v. Deshpande, et al.*, Civ. A. No. 06-11130-RCL (commenced on June 28, 2006, D. Mass.), *Patel v. Deshpande, et al.*, Civ. A. No. 06-11207-RCL (commenced on July 13, 2006, D. Mass.), and *Ariel v. Barrows, et al.*, Civ. A. No. 06-3601 (JG) (RLM) (commenced on July 21, 2006, E.D.N.Y.). Additionally, there are two separate actions pending in the Delaware and Massachusetts state courts.

[3] Deshpande, Smith, Barrows, Chisholm, Ferri, Gaynor, Jewels, Brearton, Trampedach, Kiel, and Oye are all Massachusetts residents. Gerdelman is a Virginia resident.

Further, there is little connection between Delaware and this action. In fact, the only connection that Weisler points to the fact that Sycamore is incorporated in Delaware. *See APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. supp. 2d 393, 398-99 (D. Del. 2002) (A party's incorporation in Delaware is not dispositive of a motion to transfer. "Where an alternative forum is more convenient and has more substantial connection with the litigation 'incorporation in Delaware will not prevent transfer.'") On the other hand, Massachusetts is Sycamore's principal place of business, and all aspects of its day-to-day business occur in Chelmsford, Massachusetts. (D.I. 34 ¶ 2.) In addition, the Gaynor declaration states that all press releases and Securities Exchange Commission ("SEC") filings are prepared, reviewed, signed and issued from Sycamore's headquarters. (Id. ¶ 4.) The financial information that Sycamore reports in the press releases and SEC filings is based on accounting work performed by Sycamore's accountants at its headquarters. (Id.) Thus, the locus of the operative facts appears to be Massachusetts. Accordingly, the majority of the events giving rise to this action occurred in Massachusetts, which is the location of the principal offices of Sycamore and, as a result, the location of many of the witnesses. These factors weigh heavily in the court's transfer analysis. As a result, the court concludes that the applicable private interest factors weigh in favor of a transfer.

Likewise, the public interest factors weigh in favor of transfer to Massachusetts. Most relevant to the court's inquiry, is whether there are practical considerations that would make trial "easy, expeditious, or inexpensive." *Jumara*, 55 F.3d at 879. There are two shareholder derivative actions currently pending in the District of Massachusetts, which are based on the same facts and circumstances as the present case. The plaintiffs have moved to consolidate those cases and any subsequently filed shareholder derivative actions because they "involve common questions of law

and fact concerning the defendants' alleged breaches of fiduciary duties, statutory violations, and other violations of law." (D.I. 12 ¶ 2, filed in *Vanpraet v. Deshpande, et al.*, Civ. A. No. 06-11130-RCL (D. Mass.)) Transferring the present case will permit the Massachusetts court to consolidate all actions with one lead plaintiff and lead counsel, thereby eliminating some of the expense for individual plaintiffs. Where related lawsuits exist, "it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court." *Liggett Group, Inc. v. R.J. Reynolds Tobacco Co.*, 102 F. Supp. 2d 518, 537 (D.N.J. 2000) (citations omitted); *see In re Amendt*, 169 Fed. Appx. 93, 96 (3d Cir. 2006) (non-precedential) ("[T]he most important factor is the avoidance of duplicative litigation: Adjudicating almost identical issues in separate fora would waste judicial resources."). Finally, the court is not persuaded that any disparity in court congestion, to the extent that there is any, will be so great as to weigh against transfer.[4] Therefore, the court concludes that, on balance, the public interest factors favor transfer in the instant case.

Dated: November 6, 2006                    /s/ Gregory M. Sleet
                                           UNITED STATES DISTRICT JUDGE

---

[4] The parties seem to agree that no particular local interests or public policies are implicated by this action.

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

YAKOV WEISLER,                          )
                                        )
              Plaintiff,                )
                                        )
v.                                      )         Civil No. 06-362 GMS
                                        )
TIMOTHY A. BARROWS, et al.,             )
                                        )
              Defendants.               )

**ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY

ORDERED that:

1.    The defendants' Motion to Transfer this Case to the United States District Court for

      the District of Massachusetts (D.I. 28) is GRANTED.

2.    The above-captioned action is hereby TRANSFERRED to the United States District

      Court for the District of Massachusetts.

Dated: November 6,  2006                 /s/ Gregory M. Sleet
                                         UNITED STATES DISTRICT JUDGE